## MAE J. CAMPBELL *vs.* THE CITY OF NEW HAVEN.

Third Judicial District, Bridgeport, October Term, 1905.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Whatever may be the rule elsewhere, in this State a nonexpert witness, who has stated what he observed in respect to a sidewalk alleged to have been defective by reason of snow and ice thereon, may be asked on his direct examination whether the walk when he saw it was in his opinion in a reasonably safe condition for public travel.

Municipalities are not insurers of the safety of travelers upon their highways, whatever the season or whatever the cause that renders them dangerous. This is especially true in our climate in respect to accumulations of ice and snow thereon. The duty is a limited one, depending upon a variety of circumstances and conditions, including the difficulties attending situations created by the rigors of our winters, and the inquiry in each case is whether, all things considered, the road was in a reasonably safe condition, and whether those bound to keep it in repair were justly chargeable with negligence in respect to it.

Argued October 25th—decided December 15th, 1905.

ACTION to recover damages for personal injuries caused by a fall on a sidewalk alleged to have been defective through ice and snow, brought to and heard in damages by the Superior Court in New Haven County, *Case, J.*; facts found and judgment rendered for the plaintiff for $500, and appeal by the defendant. *Error and new trial granted.*

*Leonard M. Daggett,* for the appellant (defendant).

*Robert C. Stoddard*, for the appellee (plaintiff).

PRENTICE, J. The plaintiff sued to recover for personal injuries sustained by a fall upon a sidewalk in one of the defendant's streets, alleged to have been defective and out of repair by reason of snow and ice thereon. Upon the hearing in damages after a default, the condition of the walk on February 13th, 1904, the day before the accident, became the subject of inquiry, and a material one. The defendant presented, as one of its witnesses, a policeman within whose beat the place of accident was, and whose duty it was to see that property-owners kept their walks in proper condition. He testified to the conditions which had existed with respect to the walk in question for several days prior to said February 13th, and especially upon that day. After stating these conditions in detail and fully as he observed them, he was asked whether or not the walk when he saw it on February 13th was in a reasonably safe condition for public travel. Upon objection that the question called for the expression of an opinion, it was excluded. This ruling was accompanied by the observation on the part of the court that the question put to the witness was one for it, and the direction that the witness' testimony be confined to a statement of what he saw.

The objection and ruling were made under a misapprehension of the rule in this jurisdiction. Whatever may have been elsewhere held, it has been well settled by long practice and repeated decisions in this State that the defendant was entitled to have its question answered. *Porter* v. *Pequonnoc Mfg. Co.*, 17 Conn. 249 ; *Dunham's Appeal*, 27 id. 192 ; *Sydleman* v. *Beckwith*, 43 id. 9 ; *Taylor* v. *Monroe*, ibid. 36 ; *Ryan* v. *Bristol*, 63 id. 26 ; *Dean* v. *Sharon*, 72 id. 667.

It is quite possible that the answer of this witness, if received, would not have influenced the conclusion of the court. In fact the finding contains an intimation that by reason of the large extent of sidewalk which came under the witness' oversight, and of the fact that his recollection

of this particular walk was one for which he was largely dependent upon his memorandum book entries, such might have been the case. But we cannot, nevertheless, for reasons well stated in *Peck* v. *Pierce*, 63 Conn. 310, so far enter into the mind of the court and forecast its possible operations as to say that it would not have been influenced by an opinion from the witness which it never heard and weighed. *Rooney* v. *Woolworth*, 74 Conn. 720. Neither can we say that the defendant was not by the ruling, and possibly others of the same character not repeated upon the record, deterred from presenting opinion evidence of such convincing character that the action of the court would have been controlled thereby. We cannot, therefore, regard the ruling as a harmless one.

The defendant further complains that judgment was rendered against it upon a finding that it failed to prove that the walk was safe, and upon the theory that it was liable if the injury arose from its failure to keep it safe. An argument is drawn from the finding that the court held the defendant to the high duty of maintaining the walk in a safe condition, and did not content itself with applying the lower standard of duty applicable to the situation. This claim is made with much earnestness, and with the accompanying comment that the action of the court furnishes only one illustration of a growing tendency on the part of trial courts to hold municipalities to a duty with respect to their miles of sidewalks which is unwarranted in law and unjust in its burden.

If the defendant is correct in its interpretation of the finding, it is certainly aggrieved. Municipalities are not insurers of the safety of travelers upon their highways, whatever the season or whatever the cause which renders them dangerous. The herculean task of making such ways safe at all times and under all circumstances is not imposed upon them. This is especially true in our climate in respect to accumulations of ice or snow thereon. Some duty is imposed in such cases, but it is a limited one in that it takes into account a variety of conditions and circumstances, in-

cluding the difficulties attending situations as they are created by the rigors of our winters. In our leading case of *Congdon* v. *Norwich*, 37 Conn. 414, this subject, with especial reference to sidewalks, had a thorough discussion. The rule of duty was there carefully stated, and the limitations upon it forcibly expressed. See also *Landolt* v. *Norwich*, 37 Conn. 615; *Cloughessey* v. *Waterbury*, 51 id. 405.

The language of the finding, which contains no other conclusion of negligence than that which is to be drawn from the statement that the walk had not been made safe for travel, lends some color to the interpretation the defendant gives to it. We are, however, unprepared to accept that interpretation as conveying the court's meaning. Not infrequently, even in judicial opinions, the word " safe " and its cognates have been inadvertently used where reasonable safety under all the circumstances was intended. Such doubtless was the case here, and we have little doubt that the court tested the defendant's conduct in the case of the walk in question by the true rule of duty. It is, however, unnecessary to pursue the inquiry further, since a new trial must be granted for another reason, and an opportunity will thus be afforded the defendant to have any possible error in this regard rectified.

There is error and a new trial is granted.

In this opinion the other judges concurred.