ISAAC SHULMAN *vs.* BANE STOCK ET AL.

Third Judicial District, New Haven, January Term, 1915.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

It is for the jury to say whether they will believe the story of an assault as told by noncombatant eye-witnesses rather than the account given by the participants in the fray.

Shulman *v.* Stock.

The plaintiff sought to recover damages for assault and battery alleged to have been committed jointly by the defendants, who were father and son. Each defendant pleaded a general denial and the son added a plea of justification, alleging that the plaintiff violently assaulted the father in the son's presence, and that the latter used only reasonable force to protect and defend his father. While the evidence as to the details of the assault was conflicting, it was practically admitted that there was a struggle between the plaintiff and the father, during the course of which the plaintiff was hit on the head by a flatiron in the hands of the son and thus received his only substantial injury. *Held* that under these circumstances the jury could not legally return a verdict exonerating the son and assessing the whole damage, fixed at $1,000, against the father; and that the trial court acted properly in declining to accept such a verdict and in returning the jury to a second consideration.

The defendants claimed that the first report of the jury necessarily involved a finding that the son acted in reasonable defense of his father, and that the only mistake of law committed by the jury was in assessing too large damages against the father. *Held* that even if this were true, the court was entirely right in recommitting the whole case to the jury for a recasting of their verdict in accordance with the law and the evidence.

Upon their second attempt the jury reported a verdict for the plaintiff, assessing the damages against the father at $75 and against the son at $500, and this result also the trial court refused to accept, stating that if the jury found against both defendants they should return a verdict for the whole amount of the damages against both; and thereupon the jury retired and returned a verdict against both defendants for $575, which the trial court accepted. *Held* that if the jury intended by their second verdict to find that two distinct and separate assaults had been committed, one by each defendant, and to assess damages accordingly, their verdict was not responsive to the issues; while if they intended to find a joint assault their verdict should have been for a single sum against the defendants jointly; and therefore the action taken by the trial court was clearly correct.

Until the conclusion reached by the jury is accepted by the court it does not become a verdict at all.

A trial judge does not invade the province of the jury by calling their attention to an admitted fact in the case.

Argued January 19th—decided March 26th, 1915.

ACTION to recover damages for an alleged assault and battery, brought to the Superior Court in New Haven County and tried to the jury before *Williams, J.;*

verdict and judgment for the plaintiff for $575, and appeal by the defendants. *No error.*

Plaintiff sued Bane Stock and his son, Mitchell Stock, for damages for an assault described in the complaint as committed by both defendants. The defendants answered separately, Bane Stock by a general denial, and Mitchell Stock by a denial coupled with a justification, to wit, that the plaintiff violently assaulted the father in the son's presence, and Mitchell used no more than reasonable force to protect and defend his father. The evidence as to the details of the assault was conflicting, but it was admitted that there was a struggle between the plaintiff and the elder Stock, in the course of which the plaintiff was hit on the head by a flatiron in the hands of the son, Mitchell Stock, and that the substantial injury was thus inflicted by Mitchell. The evidence for the plaintiff tended to show a joint assault by father and son; and the defendants' testimony tended to show that the plaintiff first assaulted Bane Stock, and that the son afterward came into the room, rushed to the assistance of his father, and struck the plaintiff.

The jury first returned a verdict in favor of the son and against the father for $1,000 damages, which the court declined to accept, pointing out that the substantial injury was admittedly inflicted by the son, and that the father alone could not be held responsible for it. The jury then brought in a second verdict, finding the issues for the plaintiff and assessing the damages separately, against Bane Stock at $75, and against Mitchell Stock at $500. This verdict, also, the court refused to accept, and directed the jury that if they found against both defendants, they should return a verdict for the whole damages against both. Thereupon the jury returned a third verdict against both defendants for $575, which the court accepted.

Defendants moved to set aside the verdict as contrary to the evidence, and appeal from the denial of the motion. They also appeal for alleged errors in refusing to accept the first verdict in favor of Mitchell Stock, in charging the jury in connection with the refusal to accept the first verdict, in refusing to accept the second verdict, and in charging the jury in connection with the refusal to accept the second verdict.

*Benjamin Slade* and *Spotswood D. Bowers,* for the appellants (defendants).

*Charles S. Hamilton,* for the appellee (plaintiff).

BEACH, J. The motion to set aside the verdict was properly denied. The witnesses, Taylor and Freedman, testified to a joint assault upon the plaintiff by both of the defendants, although they differed as to which began the assault. These were the only noncombatant eye-witnesses, and the jury may well have considered that their story was more likely to be accurate on this point than that of the participants in the fray.

The first verdict exonerating Mitchell Stock, and assessing the whole damages against Bane Stock, was plainly wrong in point of law. Up to the time when the plaintiff was hit on the head by a flatiron in the hands of Mitchell Stock, no serious damage had been done, and if the jury meant to accept Mitchell's plea of justification on the ground that he acted solely in defense of his father, the latter could not be held responsible for the consequences of Mitchell's act. On the other hand, if the jury meant to find that Mitchell was not justified in striking the plaintiff with a dangerous weapon, the verdict violated the rule as to the liability of joint tort-feasors. Under these circumstances, it

was the right and duty of the court to return the jury to a second consideration of their verdict.

The defendants' brief argues the first and fifth assignments of error, relating to the refusal to accept the first verdict, as if the action of the court was equivalent to setting the verdict aside. That is not so. Until a verdict is accepted by the court, it is no verdict at all. Our statute (§ 756) authorizes the court, if it judges the jury have mistaken the evidence or the law, to return them to a second and to a third consideration, and no more. Within these limits the action of the court in refusing to accept a verdict is necessarily a matter of judgment and discretion. If the jury persists in its verdict after a third consideration, the court must accept the verdict, and may then set it aside on motion in a proper case.

The defendants claim that the court ought to have accepted the verdict as to Mitchell Stock, and recommitted only the question of damages against Bane Stock. This claim assumes that the jury must have found that Mitchell's share in the assault was justified as a reasonable defense of his father. But if this were so, it is difficult to account for the assessment of damages against Bane Stock, which evidently included damages due to the injury inflicted by Mitchell. It was at least possible that the jury had framed their verdict on the theory that since Bane Stock started the trouble he ought to be held responsible for all the consequences, whether Mitchell's share in the assault was justified or not. We think the court was right in refusing to accept the verdict and in returning the jury to a second consideration under additional instructions.

The exceptions to these additional instructions are based on the claim, already rejected, that the first verdict necessarily involved a finding that Mitchell Stock acted in reasonable defense of his father, and that there

was no reasonable ground for believing that the jury had mistaken the law except in regard to the amount of damages to be assessed against Bane Stock. Even if this were true, the court was entirely right in recommitting the whole case to the jury, and leaving it to them to recast their verdict in accordance with the law and the evidence.

It is also objected that the court usurped the function of the jury, and wronged Mitchell Stock, by telling the jury, in substance, that it was admitted that Mitchell had hit the plaintiff on the head with a flatiron or other instrument. But since Mitchell Stock himself had testified that he hit the plaintiff on the head with some object, afterward identified without controversy as a flatiron, the criticism seems overstrained.

The exceptions to the remarks of the court in returning the jury to a second consideration are overruled.

The assignments of error for refusing to accept the second verdict, and for alleged errors in the additional instructions to the jury, are based on the theory that the jury intended by its second verdict to find that two separate and distinct assaults had been committed, one by the father and the other by the son, each being assessed for his separate assault.

If this were so, the verdict was irresponsive to the issues, for the complaint alleges a joint assault, and on this ground alone the court would have been justified in refusing to accept it. It is, however, capable of a construction consistent with the complaint, namely, that the jury found that the defendants had joined in the assault, and yet attempted to apportion the damages between them according to the injury inflicted by each. In view of the form of the verdict and the scope of the issues, the court could not well have taken any other view of it, and was right in refusing to accept it, and in telling the jury that if they meant to find that

the defendants had jointly assaulted the plaintiff, their verdict should be against both defendants for a lump sum.

There is no error.

In this opinion the other judges concurred.