JEREMIAH D. LUCY, ADMINISTRATOR, *vs.* THE CITY OF NORWICH.

Second Judicial District, Norwich, April Term, 1919.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and GAGER, Js.

The incidental finding of a fact not alleged in the complaint is harmless, if it is clear upon the record that the judgment for the plaintiff was in nowise predicated upon the existence of such fact.

A city which makes no effort for several days after a snowstorm to render an icy and much-frequented sidewalk in its business center safe for public travel, save for the partial removal of the snow by the tenants of adjoining buildings, cannot be said to have discharged the full measure of its duty; and therefore it has no just cause for complaint if it is held liable in damages to a pedestrian who, in the exercise of due care, falls upon the ice and is injured.

The mere fact that one is aware of the icy condition of a sidewalk, does not necessarily and as matter of law make him guilty of contributory negligence if he attempts to pass over it, though he is obviously bound to exercise a degree of care proportioned to the danger involved in the undertaking.

Argued April 30th—decided June 11th, 1919.

ACTION to recover damages for personal injuries to the plaintiff's intestate, occasioned by a fall upon an icy sidewalk, brought to and tried by the Superior Court in New London County, *Case, J.;* facts found and judgment rendered for the plaintiff to recover $2,500, and appeal by the defendant. *No error.*

December 20th, 1916, the original plaintiff, Mary Lucy, was injured by falling upon a sidewalk covered

with ice and snow located on Main Street in the business center of the city of Norwich. About 9:30 A. M. of that day she left her home to go downtown to do some family shopping. While on her way she passed over the walk in question and observed its icy character. Having finished her errands she was on her way home at the time she fell.

The walk at the point of accident, and for some distance in either direction, had a descending grade to the west of from three to four per cent, and for some distance was so constructed that the slope from the buildings which bordered upon it, to the curb, was much greater from the buildings to the middle of the walk than from the middle outward. Just easterly and above the place of accident was an alleyway with a concrete surface, which led on a down grade to the street. The city assumed the care of the sidewalk in front of it, also made of concrete. Owing to the construction of the walk and its surroundings, the tendency of the water falling, or forming from melting snow, upon either the alleyway or the walk, was to flow upon and along the walk for some distance and there to freeze, if the weather were cold enough.

Five days before the plaintiff's intestate was injured, snow to the depth of five or six inches had fallen. From that time until the 20th, the date of the injury, there was neither rain nor snow. The snow, easily removable, was, following the storm, shoveled off the walk by the tenants of the adjoining property as far east as the alleyway. Before shoveling, however, it had become trampled and packed down by travel, so that there remained upon the walk a covering of packed snow which was not removed. The snow which fell in the alleyway and on the crosswalk leading therefrom remained as it fell save for its being trampled down.

During the mid-day hours of the 17th, 18th and 19th the snow, as it lay exposed to the rays of the sun in the shelter of the alleyway and upon the walk, softened and melted, and the water therefrom flowed over and along the sidewalk and the packed snow thereon, and thereupon, as the influence of the sun was withdrawn, froze into and upon the packed snow on the walk, making a solid accumulation of ice covering the whole width of the walk. By reason of the condition thus created, the walk, on the 18th, 19th and 20th, was and continued to be dangerous and unsafe for public travel. During the whole period following the storm, neither the city nor anyone else did anything to remedy or improve the condition described and make the walk reasonably suitable for public travel, except the shoveling off of loose snow by the tenants, as hereinbefore stated.

Mrs. Lucy having died after the action was commenced, her death was suggested upon the record and her son, as administrator, entered to prosecute.

Other facts are stated in the opinion.

*Joseph T. Fanning,* for the appellant (defendant).

*Thomas M. Shields,* for the appellee (plaintiff).

PRENTICE, C. J. The numerous reasons of appeal may be condensed and stated under four heads, to wit: (1) that the court erred in holding the defendant liable for negligence in the creation or maintenance of structural defects in and about the sidewalk where Mrs. Lucy fell, whereas the complaint charged no such negligence; (2) that it erred in finding that Mrs. Lucy was not guilty of contributory negligence; (3) that it erred in holding the defendant to a stricter rule of responsibility for conditions created by snow and ice upon side-

walks than does the law; and (4) that it erred in finding certain subordinate facts, and in failing to find others as requested.

It is true that the court below, in its memorandum of decision, took occasion to observe, among other things, that the city was and had been negligent in creating or permitting certain structural conditions in and about the walk conducive to the formation of bodies of ice upon it at the point of injury, and that in the finding of facts incidental reference is made to the same subject. But that is not the negligence upon which the judgment was predicated. The ultimate conclusion of the court furnishing the basis of its judgment, contained in the concluding paragraph of its finding, makes this clear. That paragraph (27) reads as follows: "The fall of Mrs. Lucy was the proximate result of the negligence of the city in failing to remove or remedy the defective condition through the accumulation of ice and snow on the sidewalk in front of 248 Main Street, as required by law, within a reasonable time after the snow storm of December 15th, 1916, and after the same had existed in said defective condition for a sufficient length of time to impute knowledge and notice of the defect to the city of Norwich."

The complaint that the court held the defendant up to too high a standard of duty is not well founded. Its appeal to the familiar statement in *Congdon* v. *Norwich,* 37 Conn. 414, 419, that in our rigorous climate the duty of cities and towns in respect to snow and ice is and must be very limited, does not suffice to permit it to escape liability in the present case. The finding of the court as to the condition of the walk for several days prior to the accident, and the absence of all efforts during that time to render it safe for public travel save for the partial removal of fallen snow, cannot reasonably be said to fill out the full measure of a city's

duty in the care of a sidewalk located, as this was, at its business center and in the ordinary course traveled by a large number of persons. Certainly the court in so holding did not disregard any rule of municipal duty which has received the sanction of this court.

The defendant's contention that the court was in error in holding that Mrs. Lucy did not by her own negligence contribute to her injuries, finds no support under the finding, save upon the broad proposition that no one who is aware of the icy condition of a sidewalk can, in the exercise of ordinary prudence, proceed over it however great the care exercised in so doing. There is no such drastic rule of law. *Wood* v. *Danbury*, 72 Conn. 69, 73, 43 Atl. 554; *Clark* v. *Torrington*, 79 Conn. 42, 45, 63 Atl. 657. Mrs. Lucy had gone from her home to do family shopping downtown. In so going she had observed the icy condition of the walk. Her errands done she wished to return. As she approached the place where she fell she saw the ice which covered the whole width of the walk. The street at this point was likewise filled with ice and slush. She kept to the walk, proceeding with the greatest care, and while trying to avoid what appeared to be a particularly dangerous spot she stepped upon another covered with snow and slipped and fell. No element of negligence here appears, or is elsewhere in the case indicated, unless it were negligent for her not to stay at home and forego her shopping, or else to seek some safe haven of refuge downtown after she had arrived there.

The facts claimed to have been found without evidence, or not found although proven, concern matters which possess no importance as related to the questions herein considered, save only those contained in the paragraphs of the finding which recite Mrs. Lucy's conduct and care in passing over the spot

where she fell. That recital conforms in all essential particulars to the testimony upon that point given at the trial.

There is no error.

In this opinion the other judges concurred.