JOSEPH BURSTINER AND FANNIE BURSTINER, PROSECUTORS, v. THE CITY OF EAST ORANGE ET AL., RESPONDENTS.

Submitted November 7, 1925—Decided March 12, 1926.

Taxes and Assessments — Municipal Improvements — Paving and Repaving—Review of Ordinance on Ground of Unfairness Under Home Rule Act is by Appeal, Not by Certiorari—Prosecutors Here do Not Contend They Had No Knowledge, nor do They Claim That the Work was to be Done as a General Improvement—Prosecutors Also in Laches.

On writ of *certiorari,* &c.

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the prosecutors, *Aaron Marder.*

For the respondents, *Walter C. Ellis.*

PER CURIAM.

The subject-matter of these proceedings is an assessment for special benefits for the improvement of North Harrison street, in the city of East Orange.

The city was incorporated under chapter 250 (*Pamph. L.* 1908), and the improvement was made thereunder except

in so far as such act was affected by the so-called "Home Rule act" of 1917, and the amendments and supplements thereto.

The ordinance for the improvement was introduced and passed on first reading on April 24th, 1922. On that date the city council fixed May 8th, 1922, at eight p. m., at the city hall, as the time and place for the further consideration of the ordinance, and a notice of intention, in the language of the statute, was duly published, and a copy of said notice of intention was also mailed to the prosecutors herein, who do not deny the receipt of such notice. On May 8th, 1922, at the appointed time, the city council, after the public hearing, adopted the ordinance on second and final reading (no one objecting thereto), and the same was approved by the mayor. The ordinance by section 1 provided "that Main street and North Harrison street, at their intersection, *as widened by ordinance 28 of 1920,* be improved by resetting the curbs in concrete and repaving the roadway with bitulithic pavement on a six-inch concrete base." Section 5 provided that "the property in the vicinity of such improvements benefited or increased in value by reason thereof will be subject to an assessment hereafter to be levied." In the manner prescribed by statute, the city advertised for bids, awarded the contract and carried the improvement to completion. This was all done with full knowledge of prosecutors, they admitting that they knew of the improvement and were aware that the work was being done. On February 26th, 1923, the city engineer and city auditor presented to the city council certificates, reporting in deail the cost and improvement of North Harrison street "[as widened at its junction with Main street by ordinance No. 28 of 1920], as provided for by ordinance No. 18 of 1922," in the sum of $3,781.68, and thereupon the city council, by resolution, determined the cost of said improvement to be $3,781.68, and directed that the matter be referred to the board of assessments in conformity with chapter 152 (*Pamph. L.* 1917), and the amendments thereto. On June 22d, 1925, the board of assessments submitted to the city council its report and map showing as-

sessments for benefits for such improvement, dated June 10th, 1925, and the city council on that day fixed July 13th, 1925, at the city hall, as the time and place for consideration of the report and map, and to hear any objections thereto, and directed that said report and map be advertised for a public hearing. The publication of notice of such public hearing was duly made and a copy thereof mailed to prosecutors. On July 13th, 1925, the city council held a hearing on such report, at which time prosecutors appeared and objected verbally to the said assessment against the prosecutors. Further consideration of the report and map was, by proper action, postponed until July 27th, 1925, at which time the report and map were adopted and confirmed by the mayor and city council. The report of the board of assessments for benefits provided for assessments against Joseph Burstiner and Fannie Burstiner, the prosecutors herein, in the sum of $2,194.26, and assessments against one Louis Levy of $1,091.96 and against the city of East Orange at large in the sum of $495.46.

It appears that the ordinance in question used the word "repaving," whereas, strictly speaking, the work was "paving and repaving," but attention is called to the fact that the ordinance provided the street be "repaved as widened," and that the prosecutors had full knowledge of the work.

With respect to the objection now urged as to the amount of the assessment against the prosecutors, it is sufficient to say that when an attack is made upon an assessment on the ground that it is unfair, the Home Rule act provides a remedy by appeal, and a dissatisfied landowner must use this method before resorting to a writ of *certiorari*. *Braham* v. *Ocean City*, 98 *N. J. L.* 426; *Breckenridge et al.* v. *Newark*, 94 *Id.* 361.

The prosecutors urge that the assessment in its entirety be set aside because the notice of intention, prescribed by statute, was given after the governing body had considered the ordinance on first reading, and because the ordinance used the word "repaving," whereas, strictly speaking, a part of it was for "paving."

It is to be noted, however, that the prosecutors did not contend that they had no knowledge of the improvement, and they did not claim they understood the work was to be done as a general improvement, and in this latter connection it is significant that the ordinance advised that properties benefited would be assessed for the work. Since the language of the ordinance was that the street "as widened by ordinance No. 28 of 1920" be improved by repaving the roadway with bitulithic pavement on a six-inch concrete base, we believe that the prosecutors cannot complain that they were misled by the inadvertent use of the word "repaved," in view of the fact that the prosecutors admit full knowledge of all the work, and they stood by and said nothing in spite of this knowledge until they were assessed for benefits.

We also think that, regardless of the irregularity in the procedure in the enactment of the ordinance, the *certiorari* should be dismissed because of gross laches of the prosecutors, who, having full knowledge of the facts, and knowing the work was going on, allowed the city to expend a considerable sum, which they knew the city, as provided for in its ordinance, expected to assess against properties especially benefited. They waited until they were assured that all benefits to their property would be deprived from the improvement, and now seek to escape their proportion of the cost of the work. That they cannot do.

The writ will be dismissed, with costs.