## ANNA RITTER vs. THE CITY OF SHELTON.

Third Judicial District, Bridgeport, October Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

It is not the duty of a municipality to keep its highways reasonably safe for public travel under all circumstances nor to use all possible means to bring that about, but to exercise such efforts and employ such measures to that end as, in view of all the existing circumstances and conditions, are in themselves reasonable.

This distinction is of especial importance where the defect complained of is an accumulation of snow or ice, since, in such cases, owing to the extreme difficulty of combating the conditions existing in this climate, the demands of reasonable care are far less exacting than in cases of other defects.

In determining whether a municipality is chargeable with implied notice of a defect, the test is whether a reasonable supervision over its streets and sidewalks would have disclosed the condition a sufficient time before the accident to have afforded a reasonable opportunity to guard against injury from it. This test does not involve the question whether the defect would have been revealed by an examination of the particular street in question or whether the municipality used all available means for the discovery of defective conditions, but whether it did exercise a reasonable supervision over its streets generally and in view of the whole problem with which it was confronted.

Reasonable care does not require that a municipality exercise the same amount of care with respect to the oversight and maintenance of a crosswalk as in the case of a sidewalk.

Evidence that the defendant city removed a load of ashes from a crosswalk several weeks after the plaintiff fell and was injured upon it, was irrelevant and inadmissible when offered to prove that the city took proper precautions to remedy the defect causing the plaintiff's injury, in the absence of testimony that any of the ashes were placed there after the icy condition causing the fall arose.

Argued November 4th, 1926—decided January 11th, 1927.

ACTION to recover damages for personal injuries, alleged to have been caused by a defective crosswalk, brought to the Superior Court in Fairfield County and

Ritter *v.* Shelton.

tried to the court, *Wolfe, J.;* judgment for the plaintiff for $4,238, and appeal by the defendant. *Error and new trial ordered.*

*Joseph G. Shapiro,* for the appellant (defendant).

*Harold E. Drew* and *Ralph H. Clark,* for the appellee (plaintiff).

MALTBIE, J. This is an appeal by the defendant from a judgment awarding to the plaintiff damages resulting from a fall upon an icy walk in the defendant city. The fall occurred upon an established crosswalk at the intersection of two streets. This crosswalk sloped downward in the direction in which the plaintiff was traveling and was in a dangerous condition by reason of a coating of clear glassy ice about one half of an inch thick which entirely covered it. This condition had been in existence at six-fifty a. m. on the day of the accident and had continued unchanged until the plaintiff's fall, at about twelve-fifty p. m., except that, beginning about eleven-thirty a. m., there had been a light fall of snow, which by the time of the accident had completely covered the surface of the crosswalk, concealing its icy condition. The trial court's finding that the crosswalk was not in a reasonably safe condition for public travel is not questioned, but the appellant claims that the record fails to show any breach of duty upon its part.

The only statements among the conclusions of the trial court bearing upon this issue are that the defendant "did not exercise such efforts or employ such measures as it had at its command and were available to it," to make the crosswalk reasonably safe for public travel, and that "the sole proximate cause of plaintiff's injuries was the icy condition of said crosswalk and the defendant's failure to perform its duty to keep

the same in a reasonably safe condition for public travel." Neither of these conclusions is sufficient as a basis upon which to found a liability on the part of the defendant. We have recently and frequently pointed out that the duty of a municipality with reference to its streets and sidewalks is, not to make them reasonably safe under all circumstances nor to use all possible means to bring that about, but to exercise such efforts and employ such measures to that end as, in view of the circumstances and conditions, are in themselves reasonable. *Carl* v. *New Haven,* 93 Conn. 622, 625, 107 Atl. 502; *Frechette* v. *New Haven,* 104 Conn. 83, 132 Atl. 476. Adherence to this test is peculiarly necessary where the defect causing the injury consists of an accumulation of snow or ice. We long ago pointed out and have repeatedly said that while the test to be used in determining whether a municipality had performed its duty to guard against injuries from such defects is still that of reasonable care, yet it is one more limited in its requirements than is the case as regards other defects. "Municipalities are not insurers of the safety of travelers upon their highways, whatever the season or whatever the cause which renders them dangerous. The herculean task of making such ways safe at all times and under all circumstances is not imposed upon them. This is especially true in our climate in respect to accumulations of ice or snow thereon. Some duty is imposed in such cases, but it is a very limited one in that it takes into account a variety of conditions and circumstances, including the difficulties attending situations as they are created by the rigors of our winters." *Campbell* v. *New Haven,* 78 Conn. 394, 396, 62 Atl. 665; and see *Congdon* v. *Norwich,* 37 Conn. 414, 419; *Cloughessey* v. *Waterbury.* 51 Conn. 405, 417. Nowhere has the trial court stated a conclusion that the defendant failed to exercise such

efforts and employ such measures to make its streets and walks reasonably safe as were reasonable in view of the situation with which it was then confronted. The record fails to support the judgment rendered and the case must be remanded for a new trial.

Because that is so, certain other questions likely to recur upon another trial require mention. The trial court has stated its conclusion that the defendant had implied notice of the dangerous condition of the cross-walk in time to have made it reasonably safe for public travel before the fall of the plaintiff, and that conclusion in itself is sufficient to make the city legally chargeable with notice. It has, however, included among its conclusions two findings which, were they to be considered as the basis of the ultimate conclusion that the city had such notice, would be wholly inadequate to support it. Thus the court finds that "a reasonable inspection of said crosswalk by defendant would have disclosed its dangerous and unsafe condition before the falling of the snow and the fall of the plaintiff," and that "in view of the importance of Wooster Street as a thoroughfare, and of all the conditions and circumstances existing and relevant to the issue, the defendant did not exercise such efforts or employ such measures as it had at its command and were available to it, to ascertain the condition of the crosswalk." In order to charge a municipality with implied or presumptive notice of a defect, it must be shown that, had it exercised a reasonable supervision over its streets and sidewalks, it would have discovered the condition a sufficient time before the accident to have had a reasonable opportunity to guard against injury from it; that test is, not would the defect have been discovered had the particular portion of the street in question been examined, but would it have been discovered had the municipality exercised reasonable

supervision over its streets as a whole; it is not, did it use all means at its command or available to it for the discovery of defective conditions, but did it exercise a reasonable supervision in view of the whole problem with which it was confronted. *Landolt* v. *Norwich,* 37 Conn. 615, 618; *Crotty* v. *Danbury,* 79 Conn. 379, 386, 64 Atl. 147; *Carl* v. *New Haven,* 93 Conn. 622, 625, 107 Atl. 502. In the case before us it appears that on the day before the accident the temperature had risen to about fifty degrees above zero and had then fallen rapidly until at eight p. m. it was twenty-four degrees. Such a situation, if there was snow upon the ground, as there apparently was, would be most likely to cause ice to form at many points on the streets and sidewalks of the city. The task thus presented to the city, small as it is and with its limited resources, to make a reasonable survey of all its sidewalks and crosswalks, was exacting. The court finds that the dangerous condition was in existence at six-fifty a. m. on the day of the accident, and from the thickness of the ice it might reasonably be inferred that it had existed for some hours previously; but it also finds that, at eleven-thirty a. m., it began to snow, and by the time of the plaintiff's injury, at twelve-fifty p. m., about three eighths of an inch of snow had fallen on the crosswalk. In such a situation, the trial court should be careful to apply the exact test of the law before charging the city with notice of the defect.

A claim made by the defendant on the trial and presented on the appeal is also relevant to this issue. It contended that it was not bound to exercise the same degree of care with reference to ice and snow upon crosswalks as was required of it with reference to similar conditions upon its sidewalks. While no doubt the test of the performance of its duty is the same in one case as in the other, use of reasonable care

to make its streets reasonably safe for public travel, the requirements of that test are more limited as regards the crosswalk. The vehicular traffic which passes over a crosswalk is likely to bring upon it snow and water and to cause ice to form despite the best efforts of the city to keep it clean; protective devices such as sand or ashes once applied are likely to be swept away; where the snow is melting and freezing, irregular surfaces are likely to form unexpectedly. These are matters of common knowledge; the pedestrian anticipates greater dangers on the crosswalk than the sidewalk; and the city may rightly expect of him a greater care. Consequently it need not ordinarily exercise as close an oversight over its crosswalks as over its sidewalks, nor is it bound to exercise the same amount of care to make them reasonably safe for traffic. Reasonable care is still the test, but among the circumstances which must enter very largely into the determination of the question whether it has been exercised, is the fact that the walk in question is a crosswalk and not a sidewalk. *Houghton* v. *New Haven,* 79 Conn. 659, 66 Atl. 509; *Dupont* v. *Port Chester,* 204 N. Y. 351, 353, 97 N. E. 735; *O'Donnell* v. *City of Butte,* 65 Mont. 463, 211 Pac. 190.

The trial court excluded certain evidence offered by the defendant to show that a few weeks after the accident its employees removed a load of ashes from the intersection of the streets where the accident occurred. No testimony was offered to show that any of these ashes were placed on the crosswalk after the conditions causing the plaintiff's injury arose. The only reasonable inference from the evidence excluded would be that in the course of the winter the city made liberal use of ashes to guard against accidents in that vicinity, and that fact would be irrelevant to the issues in this case. *Gilmore* v. *American Tube & Stamping*

*Co.,* 79 Conn. 498, 504, 66 Atl. 4; *Laufer* v. *Bridgeport Traction Co.,* 68 Conn. 475, 486, 37 Atl. 379.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.