MARCELLA J. BLAKE *vs.* THE CITY OF WATERBURY.

Third Judicial District, Bridgeport, October Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES AND HINMAN, JS.

The fact that a pedestrian, knowing of the existence of a defect in a sidewalk, does not avoid it by taking another course or route to reach his objective, does not constitute contributory negligence provided he exercises reasonable care in passing over it.

Where the issues are correctly and adequately presented to the

jury, the omission of the trial court to include specific instruc-
tions upon incidental matters is not, in the absence of requests
so to charge, reversible error.

A trial judge does not invade the province of the jury by calling
their attention to an admitted fact in the case.

A general verdict for the plaintiff imports that all the issues were
found in his favor; and therefore if no error intervened in the
determination of one issue, and the damages are the same
whether one or both issues are found for the plaintiff, the
verdict must stand, although there was error in the charge as
to the other issue.

Although in certain cases of tort, a sum may be allowed equal to
legal interest upon the amount to which the plaintiff is en-
titled, computed from the date when the loss was suffered, this
rule cannot apply to actions for personal injuries, because the
damages are assessed up to the date of trial and include all
future as well as past suffering and disability.

Counsel should not request, nor the trial court permit, the printing
of unnecessary testimony in the record upon appeal.

Argued October 28th, 1926—decided January 28th, 1927.

ACTION to recover damages for personal injuries,
alleged to have been· caused by a defective sidewalk,
brought to the Superior Court in New Haven County
and tried to the jury before *Baldwin, J.;* verdict and
judgment for the plaintiff for $750, and appeal by the
defendant. *Error and new trial ordered nisi.*

*Charles O'Connor,* with whom was *Edward J. Mc-
Donald,* for the appellant (defendant).

*Frederick M. Peasley,* with whom, on the brief, was
*Clayton L. Klein,* for the appellee (plaintiff).

MALTBIE, J.  This is an action in which the plaintiff
received a verdict for damages suffered by reason of
a fall upon a sidewalk in the defendant city.  The
complaint was treated by the trial court, and is treated
by the parties in their argument before us, as stating
two causes of action, one arising out of the defective
condition in the sidewalk itself and the other arising

out of such a condition rendered more dangerous by an accumulation of ice and snow upon it. The claimed defect in the sidewalk consisted of a trough or depression extending clear across the walk from a building abutting upon it to the curb. The trial court charged the jury that the burden of proof rested upon the plaintiff to prove that she was herself in the exercise of reasonable care; that she was bound to make reasonable use of her senses to see and observe, but that, even though she knew of the defect, she was not necessarily bound to take another course or route to reach her objective; and that, if the jury found that the plaintiff knew of a dangerous or defective condition there, but used reasonable care in passing over it, she would not be chargeable with contributory negligence. That accords with our law. *Congdon* v. *Norwich,* 37 Conn. 414, 420; *Lucy* v. *Norwich,* 93 Conn. 545, 549, 106 Atl. 762. Upon the finding, nothing appears to make this general rule of law inapplicable, and we are not at liberty to follow the brief of the defendant in its excursion into the evidence. It would have been better, had the trial court specifically called to the attention of the jury the possibility of the plaintiff avoiding the dangerous spot in the sidewalk instead of passing over it and her duty to exercise a degree of care proportionate to the danger she knew to exist, or might have known by a reasonable use of her faculties. It did, however, in explaining to the jury the obligation of the plaintiff to exercise reasonable care, call attention to the possibility of her avoiding the dangerous spot and to her knowledge of its condition, as relevant circumstances, and the jury could hardly have disregarded these elements in determining whether she had exercised such care. In the absence of requests to charge specifically in regard to these matters, we cannot hold the instruction given so de-

fective as to require a new trial. *Pratt, Read & Co.* v. *New York, N. H. & H. R. Co.,* 102 Conn. 735, 741, 130 Atl. 102.

The trial court charged the jury that it was "admitted" that the depression in the walk had existed for a long time and that the city knew of it; and, again, that it seemed to be conceded that the defect had existed for a number of years; and again, that it thought that the position of the defendant throughout the case had been one from which the jury could find that it had knowledge of the condition of the sidewalk at this point. If the trial court did not correctly state the position taken by the defendant at the trial, the charge would be clearly erroneous in these respects. But we can judge of that only from the record before us, and that record fails to disclose anything to indicate that the trial court misrepresented in any way the defendant's position; indeed, the statement in the finding of the facts which the defendant claimed to have proven does not contain any suggestion that the depression had not existed for a long time, or that the defendant did not know of it. If the statements of the trial court were correct in fact, it was well within its province to make them; *Loomis* v. *Norman Printers Supply Co.,* 81 Conn. 343, 347, 71 Atl. 358; *Shulman* v. *Stock,* 89 Conn. 237, 242, 93 Atl. 531; particularly in view of the very emphatic instructions it gave at the close of the charge that it was the province of the jury to determine the facts and they should do so uninfluenced by anything which counsel or the court had said, except as they found it reasonable and in accord with their own recollection.

The second of the claimed causes of action, one arising out of a defective condition of the sidewalk made more dangerous by an accumulation of ice and snow thereon, is not very well pleaded in the com-

plaint, but we may follow counsel and the trial court in treating it as in the case. The charge as to that cause of action does not accord in all respects with the meaning of the charter provision under which it is claimed to exist, as we have interpreted that provision in *Krooner* v. *Waterbury, ante,* p. 476, 136 Atl. 93. But as the first claimed cause of action was correctly submitted to the jury, and the damages to be awarded would be no more or no less whether the plaintiff prevailed upon one or both, the general verdict makes of no consequence any defect in the submission of the second cause of action to the jury. *Aaronson* v. *New Haven,* 94 Conn. 690, 697, 110 Atl. 872.

The final claim of error has to do with a portion of the charge in which the trial court instructed the jury that in cases such as this, where unliquidated damages are claimed, it has not been the policy of the law to allow interest, but that "a plaintiff is entitled to be made good from the time the injuries are received, and that would include a sum equivalent to what interest would accumulate upon such an amount of damages as you find her to be entitled to." The distinction which the trial court makes is hardly sound. Interest upon a demand which is unpaid when due is ordinarily not given as interest *eo nomine,* but as damages for the detention of the money, which, for the sake of convenience, are measured by interest on the sum due. *Healy* v. *Fallon,* 69 Conn. 228, 235, 37 Atl. 495; *New York, N. H. & H. R. Co.* v. *Ansonia L. & W. Co.,* 72 Conn. 703, 706, 46 Atl. 157. In *Duffy* v. *Bishop Co.,* 99 Conn. 573, 581, 122 Atl. 121, we give the reason why such an allowance may not justly be made in the case of a verdict for damages for personal injuries: "Prior to the trial of the action the amount to be awarded Duffy for pain and suffering had not been ascertained

nor liquidated. In actions of this class damages are assessed by a jury up to the date of trial, and include all future as well as past sufferings and disabilities. Hence no interest is allowable from the date of the injury." The trial court was in error in this portion of the charge. As interest under the charge could only run from the date of the injury to the date of the verdict, a simple calculation fixes $48.40 as the greatest amount that could have been allowed on this account in making up the verdict. A *remittitur* in that amount will serve the ends of justice.

The record contains one hundred and fifty pages of printed testimony. When this was certified the time to appeal from the denial of defendant's motion to set the verdict aside had long passed, and the motion to correct the finding was not such as to justify bringing before us all the testimony. An entirely unnecessary expense, amounting to a considerable sum, has been placed upon the defendant and the State. Counsel should not have asked, nor the court authorized, the printing of this testimony.

There is error, and a new trial is ordered unless the plaintiff within one month enters a *remittitur* for $48.40 of the judgment; but if such *remittitur* be entered, the judgment shall thereupon as to the residue stand affirmed; the costs of this court to be taxed in either event in favor of the appellant.

In this opinion the other judges concurred.