## EVELYN COTE *v.* CITY OF HARTFORD.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued December 4, 1941—decided January 9, 1942.

*Harold Borden,* assistant corporation counsel, with whom, on the brief, was *Vincent W. Dennis,* corporation counsel, for the appellant (defendant).

*Milton D. Newman,* for the appellee (plaintiff).

BROWN, J.   In this action for damages for personal injuries sustained by the plaintiff by a fall upon a defective sidewalk on Cedar Street in Hartford, it is conceded that the sidewalk was defective at the place in question, that the plaintiff fell there and that the defendant city had actual notice and knowledge of the existence of the defect.   The court rendered judgment for the plaintiff, which is attacked by the defendant solely on the ground that the court was not warranted in concluding that (1) the defendant violated its duty to the plaintiff as to the defect complained of; (2) the plaintiff was free from contributory negligence; and (3) the defect was the sole proximate cause of the accident.

A summarization of the finding, including the minor corrections to which, only, the defendant is entitled, shows these further material facts: As a result of the hurricane of September 21, 1938, a tree on the easterly side of Cedar Street was partially uprooted, causing the upheaval of two sidewalk flagstones which were adjoining, each thirty-nine inches wide, so that the more southerly one at its easterly side was three and one-eighth inches higher than the other, and at its outer or westerly edge was about level with it.   This condition was dangerous to pedestrians using this sidewalk and was the defect of which the plaintiff complains.   A great number of trees were uprooted and branches blown down on the city's highways and much damage was done to its streets and sidewalks by the hurricane, and its normal facilities for remedying such

conditions were insufficient to cope immediately with the demands upon them. As the work of removing debris and caring for the damaged highways became organized, however, the city's agents prevented passage over places considered dangerous by roping them off or placing lanterns to warn the public. During the last week in September that part of the roadway of Cedar Street obstructed by the branches of this partially uprooted tree was so safeguarded. About a week after the hurricane the city had actual knowledge of this defect and of its dangerous character, and a sufficiency of employees and materials with which to guard the public against the dangers therefrom were then available and at its disposal. Sometime during the last week in September employees working under the city's superintendent of streets maintained at night a lighted red lantern at each of the four corners of the area where this defect existed, and these lanterns unlighted remained in place on the ground during the daytime. Notwithstanding its knowledge of this dangerous defect, and that it had ample means and opportunity to do so, the city took no measures either to prevent persons from passing over it or, except as the lanterns may have served this purpose, to warn them that a dangerous condition existed there. At about noon on October 4, 1938, the plaintiff, carrying several bundles, was walking southerly along this sidewalk at a moderate pace, paying reasonable attention to her surroundings. When she was close to these two flagstones a man who had been following overtook her and she stepped aside to let him pass, continuing on slowly. As she did so her foot caught on the projecting edge of the upheaved flag and caused her to fall violently to the ground, sustaining severe injuries. She had observed this condition of the sidewalk when a considerable distance from it and had contemplated

stepping over the projection. The care which she exercised was commensurate with the danger present.

The court concluded that: (2) the city had notice of the defect and its dangerous potentialities a sufficient time before the plaintiff was injured "to afford it, with the facilities available to it and at hand in the immediate locality, reasonable opportunity to take reasonable measures to prevent injury to pedestrians likely to pass over the sidewalk at that location by roping it off, placing a barricade or fence there or, at least, a sign warning the public of the danger of using the walk there, until opportunity to repair and remove the condition was afforded it; (3) the failure to take such or other reasonable measures of the same or similar character, constituted a violation of the defendant's statutory duty; (4) the defect was the sole proximate cause of the plaintiff's injuries."

The defendant claims that in view of the abnormal situation resulting from the hurricane, conclusions (2) and (3) above were unwarranted, since the magnitude of the city's burden must be considered in determining whether it discharged its duty to use reasonable care to make the highways reasonably safe for public travel, citing *Lovell* v. *Bridgeport,* 116 Conn. 565, 567, 165 Atl. 795; and *Frohlich* v. *New Haven,* 116 Conn. 74, 76, 163 Atl. 463. It is so that the city's duty with reference to this sidewalk was not to make it "reasonably safe under all circumstances nor to use all possible means to bring that about, but to exercise such efforts and employ such measures to that end as, in view of the circumstances and conditions, are in themselves reasonable. *Carl* v. *New Haven,* 93 Conn. 622, 625, 107 Atl. 502; *Frechette* v. *New Haven,* 104 Conn. 83, 132 Atl. 467." *Ritter* v. *Shelton,* 105 Conn. 447, 449, 135 Atl. 535. Testing the court's conclusions by this standard we cannot say that they could not reasonably

have been reached upon the subordinate facts found, for while these show that the hurricane imposed an unusual and extensive burden upon the city, they also disclose that in consequence of the sufficiency of available men and materials and the period of time involved, the city had ample means and opportunity under the circumstances to have safeguarded the place in question, at least to the extent stated by the court, and that its failure to do so constituted a violation of the statutory duty.

The second claim of the defendant is that since the plaintiff had seen the projection and contemplated stepping over it, but evidently miscalculated in doing so, and was aware of the general situation throughout the city resulting from the hurricane, and since the four unlighted lanterns on the ground constituted a warning of the dangerous condition, the conclusion that she was free from contributory negligence was unwarranted. While these facts were evidential of a lack of due care on the plaintiff's part, it cannot be said that either singly or together they established contributory negligence as a matter of law. That the plaintiff attempted to step over this stone although she knew of the condition of the sidewalk, instead of avoiding it by taking a different route, does not conclusively establish negligence upon her part, and notwithstanding these facts the question of her contributory negligence was one of fact for the court's determination. *Congdon* v. *Norwich,* 37 Conn. 414, 420; *Lucy* v. *Norwich,* 93 Conn. 545, 549, 106 Atl. 762; *Blake* v. *Waterbury,* 105 Conn. 482, 484, 136 Atl. 95; *Meallady* v. *New London,* 116 Conn. 205, 206, 164 Atl. 391; *Lawson* v. *Waterbury,* 115 Conn. 716, 717, 161 Atl. 667.

Our determination that the court did not err in finding the plaintiff free from contributory negligence reduces the defendant's final claim, that its conclusion

that the defect was the sole proximate cause of the plaintiff's injury was unwarranted, to the contention that this is so because of the "intervention" of the man who overtook and passed her just before her fall. Where, however, as in this case, the plaintiff's injury was the direct result of a defect in the sidewalk which naturally exposed her to danger in relation to those events naturally incident to its use, this effect cannot be accorded to the nonculpable conduct of this fellow traveler. *Upton, Admr.* v. *Windham,* 75 Conn. 288, 292, 53 Atl. 660. See also *Baldwin* v. *Greenwoods Turnpike Co.,* 40 Conn. 238, 244; *Frechette* v. *New Haven,* supra; *Jennes* v. *Norwich,* 107 Conn. 79, 83, 140 Atl. 119.

There is no error.

In this opinion the other judges concurred.