The plaintiff sustained personal injuries as the result of a fall on an icy crosswalk. During the week preceding the fall the temperature remained constantly below freezing; there had been no rain, snow or thaw to add to, detract from, or change, in any way, the dangerous condition prevailing during the entire week. At no time, during that period, was the walk sanded or protected by any other device, to abate the existing dangerous condition. In a general way the defendant exercised efforts and employed methods, which may be said to have been reasonable in caring for its streets. It had an efficient public works department and a capable superintendent who laid out plans which, if carried out by his subordinates and employees, would have reduced street hazards to a minimum. The fact remains, however, that the crosswalk in question remained in the same icy and dangerous condition for a week, or more, and that the defendant did nothing to abate or correct it.
This case is similar in some respects to the case of Ritter vs.Shelton, 105 Conn. 447, and would be controlled by it if the duration of the dangerous and unchanged condition did not constitute a breach of duty by the defendant. It is true "that the duty of a municipality with reference to its streets and *Page 383 
sidewalks is, not to make them reasonably safe under all circumstances nor to use all possible means to bring that about, but to exercise such efforts and employ such measures to that end as, in view of the circumstances and conditions, are in themselves reasonable." Ritter vs. Shelton, supra, p. 449. This does not, however, relieve a municipality from the duty of removing a danger that has been there long enough and is so conspicuous that it would attract the attention of the city in the exercise of a reasonable supervision of its streets. Crottyvs. Danbury, 79 Conn. 379; Frechette vs. New Haven,
104 id. 83; Schroeder vs. Hartford, id. 334.
It is also true that the test of reasonable care as regards a crosswalk is more limited than that adopted for sidewalks. "The vehicular traffic which passes over a crosswalk is likely to bring upon it snow and water and to cause ice to form despite the best efforts of the city to keep it clean; protective devices such as sand or ashes once applied are likely to be swept away; where the snow is melting and freezing, irregular surfaces are likely to form unexpectedly." Ritter vs. Shelton,supra, p. 452. But regardless of how limited the test of reasonable care may be, the law still imposes the duty upon a city to use reasonable care to make its streets reasonably safe for public travel. None of the elements which would exempt the defendant from liability are disclosed by the evidence in this case. The intersection in question was but lightly traveled, there had been no snow or water for at least a week, there had been no alternate melting and freezing during that period, and there was no evidence on the crosswalk that any protective device such as sand or ashes had been applied during the same period. Under these circumstances it must be held that the defendant breached its duty to use reasonable care to make this crosswalk reasonably safe for public travel.
As one of its defenses the defendant claims that the plaintiff was guilty of contributory negligence "in that she failed to be watchful of her footing at said time and place; in that she failed to make reasonable use of her faculties; and in that she failed to maintain a reasonable and proper lookout." The evidence does not, however, warrant such a finding, unless it be claimed that using the crosswalk, in itself, constituted negligence. The plaintiff knew of the icy condition and traversed the walk carefully, using the degree of care proportioned to the danger involved. Lucy vs. Norwich, 93 Conn. 545. *Page 384 
Her attempt to pass over the icy crosswalk, knowing of its dangerous condition, does not make her guilty of contributory negligence as a matter of law. She was not bound to take another course in crossing the street, and if she used the required care, which she did, she was not negligent.Meallady vs. New London, 116 Conn. 205.
The plaintiff's arm was broken in two places; she had it in a cast for five or six weeks in a very awkward position and later in a bandage for several weeks. She lost about three months of full time and partial earnings at about $15 a week as a house-to-house saleslady, seven full weeks and five or six part time weeks. During her disability she suffered pain and was greatly inconvenienced by the position of her arm in the cast; the ether administered at the setting of the fractures distressed and nauseated her for some time; her doctor's bill is $75 and hospital bill $23.50; she made no attempt to exaggerate her pain and suffering, nor did she add to her expenses by needless hospital, medical and nursing care. Her ad damnum
of $1,000 seems quite reasonable.
 Judgment may be entered for the plaintiff to recover the sum of $1,000, and costs.