MARIA FOX·
*vs.*
WILLIAM J. COX, HIGHWAY COMMISSIONER, ET AL.

Superior Court      New Haven County      File No. 64116

MEMORANDUM FILED FEBRUARY 5, 1944.

*Bertrand B. Salzman,* and *Samuel H. Platcow,* of New Haven, for the Plaintiff.

*Bernard Pellegrino,* of New Haven, for the Defendant Town of Hamden.

O'SULLIVAN, J. The plaintiff fell on a crosswalk in Hamden and this action has been brought to recover damages for the injuries she sustained, her right being based upon an alleged defective condition on the crosswalk.

The town's duty with respect to its highways imposes a heavy burden. The test to be used in determining whether its duty has been met is that of reasonable care. This duty does not require it to keep its highways reasonably safe under all conditions but to exercise such efforts and employ such means to that end as, in view of the circumstances and conditions, are in themselves reasonable. *Ritter vs. City of Shelton,* 105 Conn. 447, 449. Adherence to this test is peculiarly necessary where the defect causing the injury consists of an

accumulation of ice. The duty still remains but it is very limited. *Campbell vs. City of New Haven,* 78 Conn. 394. Even more limited is it when the defect, consisting of ice, is upon a crosswalk. *Ritter vs. City of Shelton, supra.*

Nevertheless, in spite of the narrow limit of its duty, and of the circumstances and conditions, as well as of the efforts made by the defendant to cope with the entire problem of caring for over 140 miles of highways, I am completely satisfied that the town was derelict in its duty in the present instance and should respond in damages to the plaintiff.

For this was a particularly dangerous condition that existed on the crosswalk in question, a condition of which the town had had actual knowledge for several days. This crosswalk served a large number of foot travelers living in a congested residential settlement located a short distance from a shopping center. Solid ice had formed on the crosswalk and had become extremely slippery. No effort had been made for at least three days before the plaintiff's mishap to protect pedestrians, either by cutting the ice away or by covering it with sand from a large wooden box which significantly was located but a few feet from this crosswalk. Trucks owned by the town had passed over the crosswalk on several occasions but, though sand was carried on them, none had been thrown over the walk.

Without going into all the details upon which I base my conclusion, it is sufficient to say that, limited as was the duty with respect to the walk, the defendant did not meet it.

For general damages, $1,500 is fair and adequate compensation. In addition thereto should be added the following special damages: doctors' bills, $116; expenses for nurse, $250; cost of medicine, etc., $10; total, $376.

Judgment may enter for the plaintiff to recover $1,876 from the defendant, the Town of Hamden.