[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#108)
This is a personal injury action in which the plaintiff, Marie Amatruda ("Amatruda") claims to have sustained injury as a result of a trip and fall on a defective sidewalk in East Haven, Connecticut. In compliance with General Statutes § 13a-149, Amatruda provided notice to the Town of East Haven ("Town") of the date, location and cause of her injury and her intention to commence an action against the Town for damages. The notice describes the sidewalk in question as abutting 216A Main Street at a point 10 feet east of the easterly curb of Main Street, approximately 41 feet 5 inches southwest of UI Pole No. N562 and 125 feet, 4 inches northeast of UI Pole No. N561. The notice further states that the sidewalk "was cracked at a point at and near the corners of the four concrete slabs of the sidewalk, with differences in elevation resulting therefrom."
The Town has moved for summary judgment asserting that Amatruda cannot establish a cause of action under the defective highway statute, § 13a-149, because, as a matter of law, the sidewalk in question was not defective. For the reasons set forth herein, the motion for summary judgment is granted.
Discussion
CT Page 16654
Under Connecticut law, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice book § 17-49. A motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried.Wilson v. New Haven, 213 Conn. 277, 279 (1989).
In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Hertz Corp. v. Federal Ins. Co., 245 Conn. 374,381 (1998). The burden is on the movant to demonstrate the absence of any genuine issue of material fact. Id. A party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. HomeIns. Co. v. Aetna Life Casualty, 235 Conn. 185, 202 (1995). The existence of material fact must be demonstrated by counter affidavits and concrete evidence. Pion v. Southern New EnglandTelephone, 44 Conn. App. 657, 663 (1997).
Ordinarily, issues of negligence are not susceptible to summary adjudication but should be resolved by trial. Fogarty v.Rashaw, 193 Conn. 442, 446 (1984). Such issues, however, may become matters of law when the mind of a fair and reasonable person could reach only one conclusion, and summary judgment may be granted based on a failure to establish causation. Abrahams v.Young and Rubicam, Inc., 240 Conn. 300, 307 (1997).
In support of its motion for summary judgment, the Town has submitted an affidavit of Richard Iaguessa, a private investigator and former police officer and a photograph of the sidewalk in question taken on July 6, 1998.[1] The affidavit states that Iaguessa examined the sidewalk area and was unable to locate a defect of any kind. Using a measuring stick, Iaguessa determined that all four sidewalk slabs were level with one another and there was no difference in grade level. Iaguessa took photographs of the area. The photograph attached to the affidavit is a 4 inch by 6 inch black and white photograph showing four slabs of concrete with a yardstick vertically placed at the meeting point of the four sections. The court's examination of the photograph did not reveal any cracks or discernable differences in elevation. The photograph corroborates Iaguessa's affidavit wherein he states that the sidewalk area is without CT Page 16655 observable defect.
In opposition to the motion for summary judgment, Amatruda asserts that the affidavit of Iaguessa is insufficient. Specifically, Amatruda claims that the affidavit does not establish: 1) Iaguessa's qualifications to make the examination; 2) Iaguessa's ability to locate the precise site of the fall; and 3) the propriety of using a measuring stick in examining the sidewalk. As to the photograph, Amatruda argues that it is not possible, from the photograph alone, to determine whether this is the precise site of the fall. Amatruda did not file any counter affidavit or other photographs. Finally, Amatruda claims that the claims made in her complaint are sufficient to raise an issue of material fact.
Iaguessa's affidavit asserts three facts: 1) that the area of the sidewalk examined and photographed was located using the measurements provided by the plaintiff in her Notice of Claim; 2) that his physical examination, using a measuring stick, revealed the slabs to be level, and 3) that his opinion was that the sidewalk was without defects. As to the first two points, Iaguessa is attesting to facts. As to the third point, Iaguessa is giving a lay opinion long permitted by Connecticut law. SeeCampbell v. New Haven, 78 Conn. 394, 395 (1905) (trial court erred in preventing a police officer from testifying to the safety of a sidewalk on his beat.) Accordingly, Amatruda's challenge to the affidavit and photograph on the basis of a defect in Iaguessa's qualifications is not persuasive.
What is absent in this case is any factual challenge to Iaguessa's affidavit or the photograph. If, in fact, Amatruda believes that he examined the wrong area, she would be free to submit a counter affidavit. Such a counter affidavit would in all likelihood defeat this motion for summary judgment. This was not done. Amatruda's reliance on the allegations in the complaint is misplaced, such allegations, unless admitted, do not constitute proof of the existence of a genuine issue of material fact. NewMilford Savings Bank v. Roina, 38 Conn. App. 240, 245 (1995).
In sum, the court is presented with an uncontradicted affidavit that the sidewalk's four slabs were level with each other and without other observable defect. This affidavit is corroborated by the court's own review of a photograph of the site. On this record, the Town is entitled to summary judgment in its favor. CT Page 16656
For the reasons set forth above, the Town's motion for summary judgment is granted.
So Ordered at New Haven, Connecticut this 22nd day of December, 1999.
Devlin, J.