### HERBERT J. BLODGETT *vs.* CITY OF BOSTON.

A person who, while using a highway simply for the purpose of play, meets with a personal injury by reason of a defect therein, cannot maintain an action to recover damages therefor against the city or town which is bound to keep the same in repair.

TORT to recover damages for a personal injury sustained by reason of a defective highway.

At the trial in this court, before the chief justice, the plaintiff, who at the time of receiving the injury complained of was eleven years old, testified that he was playing " old man on the castle " on a plank sidewalk in Washington Street, in Boston, and when another boy came to catch him, he in starting away put his foot between the planks, where it got caught, and in trying to lift it out he twisted it, and caused the injury, which proved to be very serious. The chief justice thereupon reserved for the determination of the whole court the question whether the plaintiff, under the circumstances, could maintain his action, assuming that there was a defect in the street; that the plaintiff was in the use of due care in doing the acts which occurred at the time of the accident; and that the defect had existed for more than twenty-four hours.

*B. F. Brooks & J. D. Ball,* for the plaintiff. If a highway is unsafe for travellers, any person sustaining an injury may recover. There is no limitation as to the class of persons who may recover. And the legislature have never intended to limit this right to travellers. *St.* 1786, *c.* 81, § 1. Rev. Sts. *c.* 25, §§ 1, 14, 21, 22. *Sts.* 1850, *c.* 5, § 1; 1851, *c.* 88, § 1. Gen. Sts. *c.* 44, §§ 1, 14, 21, 22. *Gregory* v. *Adams*, 14 Gray, 242. The policy and duty of the law are to protect all persons alike, who are lawfully using a public way. The motive and purpose of using

Blodgett *v.* City of Boston.

the way are immaterial. The statute uses the broadest possible language. There is no reason for a distinction between persons who are using a way for purposes of pleasure and those who are using it for purposes of business. Otherwise singular results would follow. Thus, a boy running on an errand, if injured from a defect, would recover damages. Another boy running after him in sport, if injured from the same defect, would recover nothing. A man walking in a procession, with music and banners, seeking his pleasure, if injured, would recover. A boy running for play, if injured from the same defect, would recover nothing. Yet the full grown man would be using the street for play, and the boy would be using it for exercise. Why should the former be protected, and not the latter? Even if the statute extends only to travellers, that term is not limited to persons who journey from place to place, but it may include all persons who run, walk, pass or move in the street for any purpose whatever. At least, it was a proper question for the jury whether the plaintiff was a traveller or not.

*J. P. Healy,* for the defendants.

BIGELOW, C. J. The insuperable difficulty in the way of maintaining this action is, that the plaintiff, at the time he suffered the injury for which he seeks redress, was not in the use of the highway for a purpose for which the city was bound to keep it in repair. The doctrine has been often declared by this court that the liability of towns and cities for injuries to persons or property occasioned by defects in highways is intended to be commensurate only with the duty imposed on them; that is, to keep them in repair, so that they may be " safe and convenient for travellers at all seasons of the year." This is the necessary and unavoidable implication resulting from the provisions of the statutes which impose the duty and declare the liability. In the absence of any clear and explicit enactment requiring a different interpretation, the reasonable construction of a statute which creates an obligation and at the same time prescribes the penalty or liability for its breach is, that the standard of responsibility is not intended to be greater or more extensive than the rule of duty. The latter constitutes the

measure by which to ascertain and limit the extent of the former. It has accordingly been held that towns and cities are not liable for damages occasioned by defects in highways to persons who were not travellers thereon at the time the injury to themselves or their property was suffered. Thus in *Richards* v. *Enfield*, 13 Gray, 344, it was decided that the owner of a horse, which had escaped and run into the highway without a driver, could not recover damages for an injury to the horse caused by a want of repair in the road. The decision in that case is put on the ground that those only who are using the road for legitimate purposes in the usual and ordinary mode can claim indemnity from a town for injuries caused by a defect in the highway, and that, as the plaintiff was not using the road as a traveller when the accident happened, he was not entitled to recover. So in the subsequent case of *Gregory* v. *Adams*, 14 Gray, 242, 247, a similar statement of the rule of law was made. It was there explicitly laid down that the great and substantial purpose of the law is to afford facilities for the passage of travellers and the transportation of property over public highways ; that all persons may lawfully go and travel over them with any vehicle or animal which is suitable for a way prepared for the purpose of supplying the usual and common accommodation for persons having occasion to pass over the same, and if, " when thus travelling," damage is sustained by reason of a defect in a highway, compensation may be recovered therefor of the town bound to repair the same. A like doctrine was laid down in the more recent case of *Stickney* v. *Salem*, 3 Allen, 374, in which it was held that an action would not lie to recover damages of a city for injuries sustained by a person who had stopped on the highway for the purpose of conversation, and had leaned against a railing, which by reason of its insufficiency had given way and caused him to fall.

These decisions and the rule of interpretation on which they are founded are decisive against the right of the plaintiff to maintain this action. At the time of the accident by which he was injured, it cannot be said, in any just or proper sense,

that he was a traveller or passer on the highway. He was not using it for the ordinary and legitimate purposes for which it was constructed, and to promote and facilitate which the duty of keeping it in repair is imposed on the city. We certainly do not think that any narrow or restricted signification should be given to the word " traveller," as used in the statute. It may well embrace within its meaning, as applied to the subject matter, every one, whatever may be his age or condition, who has occasion to pass over the highway for any purpose of business, convenience or pleasure. Nor is the motive or object with which a street or way is thus used, if it be not unlawful, at all material in determining whether a person is entitled to an indemnity from a city or town for an injury occasioned by a defect. The highway is to be kept safe and convenient for all persons having occasion to pass over it, while engaged in any of the pursuits or duties of life. If this be not the limit beyond which the duty and the corresponding liability of cities and towns in relation to the subject matter do not extend, we are unable to see where the line can be drawn. And yet it is plain that there must be some such limit. A town cannot be held responsible for every case of damage to person or property which may happen by reason of a defect in a highway, without regard to the use to which it was appropriated at the time of the accident by the person injured. Suppose, for example, a juggler or gymnast should occupy a portion of a street or road to exhibit his feats of skill or agility and strength. He certainly could not be regarded in the light of a traveller while so using the highway, nor could he claim damages of a city or town for injuries sustained by him in his person or property during his performance, although they might have been occasioned in whole or in part by a defect in the highway. Take another example of a different character. A boy, while using a portion of the highway solely for the purpose of enjoying the amusement of sliding over the snow in a sled, meets with an injury attributable to some defect arising from the accumulation of snow or ice. It would hardly be contended that the town or city in which such an accident happened could be held liable

for the damages thereby occasioned. These and other like cases strike the mind at once as falling very clearly outside the limit which the law fixes to the liability of towns and cities for injuries caused by defects or want of repair of highways. But they do not differ in principle from the case at bar. Such cases not only do not come within any reasonable construction of the language of the statute creating the duty and imposing the liability on towns, but it would be extremely difficult if not impracticable to apply to them the test of due and reasonable care in the use of the highway, which is an element essential to the maintenance of an action against a town for damages suffered on the highway. We by no means intend to say that a child who receives an injury caused by a defect or want of repair in a road or street, while passing over or through it, would be barred of all remedy against a town merely because, at the time of the occurrence of the accident, he was also engaged in some childish sport or amusement. There would exist in such a case the important element that the person injured was actually travelling over the way. But this element is wholly wanting in the case at bar. We have here the naked case of an appropriation of a portion of a public street to a use entirely foreign to any design or intent to pass or repass over it for the purpose of travel within the meaning of the statute. It is to this precise case that we confine the expression of our opinion. For the reasons already given, we are constrained to say that the plaintiff is not entitled to maintain his action. See *Stinson* v. *Gardiner*, 42 Maine, 248.     *Judgment for the defendants.*