DUFFY v. THE CITY OF DUBUQUE.

| 63 | 171 |
|----|-----|
| 99 | 703 |
| 63 | 171 |
| 103 | 608 |
| 63 | 171 |
| 127 | 619 |
| 63 | 171 |
| 129 | 452 |
| 63 | 171 |
| 131 | 572 |

1. **Cities and Towns:** INJURY TO ONE USING STREET: WHAT IS PROPER USE OF: LIABILITY OF CITY FOR NEGLIGENCE. Where plaintiff in the pursuit of his legitimate business was lawfully using one of defendant's streets, and he stepped to a hydrant, situated one or two feet from the street, upon an adjacent lot, to draw some water to drink, and, while so doing, with one foot upon the lot and the other upon the street, a section of roofing, which the city had negligently allowed to stand upon its edge on the sidewalk near by, fell upon and injured him, *held* that his stopping to draw water, as stated, was the exercise of a privilege which he might lawfully enjoy, and a mere incident to the general use which he was making of the street, and that it would not defeat his right to recover of the city for the damages sustained by him.

2. ————: ————: NEGLIGENCE OF CITY: EVIDENCE TO ESTABLISH. Upon consideration of the evidence of this case, (see opinion,) *held* that the jury was warranted in concluding that the defendant was guilty of negligence.

3. **Damages:** EXCESSIVE: POWER OF COURT TO REDUCE UPON MOTION FOR NEW TRIAL. Where a motion for a new trial is based upon the ground that the damages found by the jury are excessive, the court may properly overrule the motion upon the plaintiff's remitting a portion of the amount awarded as damages.

*Appeal from Delaware Circuit Court.*

WEDNESDAY, APRIL 9.

THIS action is brought by plaintiff to recover damages on account of personal injuries sustained by him, in consequence of an obstruction and nuisance which, he alleges, the defendant negligently permitted to remain in one of its streets.

There was a verdict for plaintiff for $5,000. Defendant filed a motion for a new trial, one of the grounds of which was that the damages were excessive. The circuit court was of opinion that this ground of the motion was well taken, but gave the plaintiff leave to remit $1,500 of the amount of the verdict, and thereupon the motion was overruled, and judgment entered on the verdict for $3,500. Defendant appeals.

*D. J. Lenehan*, for appellant.

*Pollock & McNulty*, for appellee.

REED, J.—The evidence given on the trial establishes the following facts: Tenth street is one of the principal streets in the city of Dubuque. It runs east and west, and is intersected by Locust, a street running north and south. It has been macadamized, guttered and curbed for many years, and there is a brick sidewalk on its north side. There was a frame building situated on the lot in the northwest angle of the two streets. The main part of this building stood immediately at the corner, but there was a wing in the rear of the main building, extending west along Tenth street, the foundation of the south wall resting immediately inside of the north line of the street. Some two or three weeks before the accident, the owner of this property, in making some improvements about the premises, had torn this wing down. The workmen who did the work took the roof of the wing off in sections, and two of these sections were carried onto the sidewalk and stood on

1. CITIES AND
towns: injury
to one using
streets : what
is proper use
of: liability of
city.

their edge, being supported on the side towards the street by a tree, against which they rested. There was piled against them, on the side towards the lot, a portion of the timbers and lumber taken from the part of the building which had been torn down. Afterwards, this pile of debris and one of the sections of the roof were removed. The section which remained was about eighteen feet long by fourteen feet wide, and, when the other section and the pile of debris were removed, it had no support whatever on the side towards the lot. There was a hydrant standing on the lot, about eight feet in the rear of the main portion of the building, and from one to two feet from the line of the sidewalk. Plaintiff is a plasterer, and he and his partner had been employed to do a job of plastering on the building. On the day of the accident, he went to the building in company with a teamster, with a load of material, scaffolding and tools, to be used in doing the work. After they had unloaded the stuff from the wagon, plaintiff went into the house and got a vessel, and he and the teamster went to the hydrant for the purpose of getting some water to drink, going along the sidewalk from a door on the south side of the building. Plaintiff drew some water from the hydrant in the vessel, and handed it to the teamster, who took a drink, handed the vessel back to plaintiff and immediately left. Plaintiff turned to the hydrant for the purpose of drawing water for himself, and, while in the act of doing this, and when stooping over, with one foot on the ground near the hydrant, and the other on the sidewalk, the section of roof was blown over by a gust of wind, falling on plaintiff, and inflicting the injuries of which he complains.

Many of these facts were not disputed on the trial, and the verdict of the jury is conclusive as to such as were controverted.

The defendant asked the court to give the following instruction:

"If the jury find from the evidence that, at the time of the accident, the plaintiff was at the hydrant which stood inside

the lot, with one foot on the lot and the other on the sidewalk, then he would not be a traveler on the street, in contemplation of law, and cannot recover against the city in this action."

The court refused to give this instruction, and on its own motion gave the following:

"The plaintiff must further establish by a preponderance of credible testimony, in order to entitle him to a verdict against the said city, that, when he sustained the injuries complained of, he was still in part upon the sidewalk of said city, as he cannot recover, if the accident causing said injuries occurred after he had wholly left said sidewalk and entered the lot where the hydrant was situated."

Appellant assigns the giving of this instruction, and the refusal to give the one asked, as error. The position of counsel for appellant is that, to entitle plaintiff to recover, he must have been using the street, at the time of the accident, for some of the ordinary and legitimate objects for the promotion of which the city is required to keep it in repair, and that the act he was doing at the time is not of that character. The following cases are cited as sustaining this position: *Stinson v. Gardiner*, 42 Maine, 248; *Stickney v. Salem*, 3 Allen, 374; *Blodgett v. Boston*, 8 Id., 237; *Norristown v. Moyer*, 67 Pa. St., 355; *Sykes v. Pawlett*, 43 Vermont, 446.

The rule in the New England states, and in some others, undoubtedly is, that the public corporation which is charged with the duty of keeping the highway in repair is liable to one who is injured by its failure to perform that duty, only in case the injury is received while in the legitimate use of the highway. In those states, however, the duty to keep the highway in repair is imposed on the corporation by statute, and the extent of that duty is expressly defined by statute. The liability of the corporation to one who suffers an injury, by reason of its failure to perform the duty, is also created and defined by statute. The Massachusetts cases cited are determined under statutes which impose upon the corpora-

tion the duty of keeping all highways within its limits in such state of repair that they may at all seasons of the year be safe and convenient for travelers passing along and upon them, and which make it liable to any person who suffers an injury through any defect or want of repair therein; and they hold that, unless the person injured by the defect was a traveler on the highway, within the meaning of the statute, when he received the injury, the corporation is not liable to him therefor. They, however, put a very liberal construction on the word "travelers," as used in the statute. It is held to include every one who has occasion to pass over the highway for any purpose of business, convenience or pleasure, and "that the highway is to be kept safe and convenient for all persons having occasion to pass over it while engaged in any of the pursuits or duties of life." *Blodgett v. Boston*, *supra*.

Now, we feel that we are not called upon to determine in this case whether the rule in this state, as to the liability of the corporation, is any different from what it is in those states, by reason of the fact that it is not created or defined by statute,—a question discussed by counsel; for it seems to us that the use which plaintiff was making of the street at the time of the injury was a legitimate and proper use. He was on the street in the ordinary course of his business. He had the right to go to the hydrant for the purpose for which he went there, and, in going there, he had the right to pass along the street. It was convenient for him to stand upon the sidewalk while drawing the water. It was certainly not unlawful for him to stand there for that purpose. He was not a mere lounger on the street, obstructing the travel thereon, but his stopping there for the time and for the purpose for which he stopped was a mere incident to the general use which he was making of the street at the time.

It is claimed that the jury was not warranted by the evidence in finding that the city was guilty of negligence in not

2. ——: ——: removing the section of roof in question, for the
negligence of
city: evidence reason that, when it was first placed on the side-
to establish.
walk, it was supported on the side towards the
lot by a prop at each end, and it does not appear either that
any officer of the city knew that these props had been removed,
or that they had been removed for such length of time as
that its officers, in the exercise of that care and diligence
which they were bound to use in the proper discharge of
their duties, ought to have ascertained the fact.

We think, however, that the finding that the city was
guilty of negligence is not without support. The jury might
have found from the evidence that there was no support at all
on the side of the roof towards the lot, after the other section
and the pile of lumber were removed from the sidewalk,
which must have been several days before the accident.

Besides this, as the obstruction was not a mere structural
defect of the street, but an object entirely foreign to it, the
duty of the city, if it permitted it to remain there at all, was
to see that it was kept in such situation as that the safety
of travelers on the street would not be endangered by it.

It is also claimed that the damages are excessive, and that
the court ought to have set the verdict aside entirely, instead
3. DAMAGES:    of permitting plaintiff to remit a portion of the
excessive:
power of       amount awarded as damages. But the action of
court to re-
duce on mo-    the court in this respect is sanctioned by *Collins*
tion for new
trial.         *v. Council Bluffs*, 35 Iowa, 432; *Rose v. Des
Moines Valley R. R. Co.*, 39 Id., 246. And the amount
for which judgment was rendered does not appear to us to be
excessive.

AFFIRMED.