JAMES W. NOLAN *vs.* THE TOWN OF MANSFIELD.

First Judicial District, Hartford, March Term, 1917.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

There is no statutory provision in this State that a town shall not be liable for defects in a highway where the weight or bulk of the property transported exceeds certain tonnage or dimensions; and therefore the question whether a plaintiff was negligent in attempting to transport over a country highway a well-drilling machine mounted on wheels, the estimated weight of which varied from three to six tons, is one of fact for the jury under suitable instructions from the court.

In the present case the trial court instructed the jury that the defendant town was bound to exercise ordinary care to keep the highway in question in a reasonably safe condition for such public traffic as it might properly be expected to serve, and that if the jury should find the weight of the machine was so excessive as to make its transportation over such a road dangerous, the plaintiff would assume the risk and hazard of attempting to transport it; but that if they should find that the weight was not extraordinary, the plaintiff would not assume such risk. *Held* that the defendant could not justly complain of these instructions, which properly submitted this question to the jury as one of fact.

The injury to the machine was due to the giving way of a retaining wall at the side of the road and of the earth adjoining and supported by it, and the defendant claimed that the plaintiff was negligent in driving on the top of this wall. In alluding to this claim the trial court said that the evidence would seem to indicate that there was no gutter on that side of the road between the traveled track and the wall, and that the smooth or level surface of the road extended over and included the top of the wall. *Held* that this remark was not open to the criticism that it left the jury to conclude that the absence of a separating gutter warranted the plaintiff's driver in passing at will out on to the top of the supporting wall with the heavy machine; nor that the remarks taken as a whole misled the jury by giving them the impression that the references were to facts proven rather than to the claim of the plaintiff upon this branch of the case.

A highway may be defective outside the wheel tracks or traveled pathway.

Questions not raised by an appellant in his assignments of error are not entitled to consideration by this court.

Merely going outside of the traveled path of a highway will not necessarily preclude a plaintiff from the recovery of damages for an injury; for the incidents of travel may require exceptionable departures from the usual track.

Argued March 6th—decided March 14th, 1917.

ACTION to recover damages for injuries to personal property due to an alleged defective highway, brought to the Superior Court in Tolland County and transferred, by agreement of the parties, for the trial of issues only, to the Superior Court in Windham County and tried to the jury before *Webb, J.;* verdict and judgment for the plaintiff for $633, and appeal by the defendant. *No error.*

The plaintiff offered evidence to prove and claimed that he had proved, that in July, 1915, a well-drilling outfit, the property of the plaintiff, which was mounted on wheels, was being drawn by four horses, with due care, upon and along the highway leading through the defendant town; that at this time a portion of the highway, over which the horses and this outfit were passing, slid and fell away, so that this outfit, together with the horses and the driver, were precipitated down the bank; that at this place the highway was built along a side-hill and was supported in part by a stone retaining wall; that the top of this stone support or retaining wall was practically level with and formed a part of the roadbed, and in that manner extended as a part thereof for a distance of about one hundred feet; that a railing extended along and just outside this stone support, which railing was from three to four feet above the level of the roadbed, and that this railing marked the western limit of the highway; that at the place of the accident, the perpendicular distance from the general level of the roadbed to the foot of the stone support was from eight to ten feet; that from the outside edge of a ditch on the east side of the road to the railing was

not over eighteen feet; that from the west wheel rut to the railing was not over five feet; that this well-drilling machine, as it was then being transported, did not weigh over sixty-five hundred pounds, including the wheels; that the wheels were driven in the ruts, except that the tires thereof were six inches in width; that this highway at the place of the accident was out of repair and defective at this time, and had been so for a long time previous thereto; that the earth had become washed away from the foot of this stone wall causing the same to be unsafe, and liable to slide away from its position in the highway; that it was the duty of the defendant town to repair and to maintain this road in a condition of reasonable safety; that at the time of the accident, and for a long time previous thereto, the defendant had actual notice of this defective condition; that this accident was caused wholly by the defendant's failure and omission to keep this highway in reasonable repair and in a condition of reasonable safety, and that without the neglect of the plaintiff or that of his driver, this accident occurred; that this highway was one of the main roads leading through the defendant town; that the portion of the highway which gave way included at least one half of the traveled portion thereof; that at the time of the accident the horses were traveling between the wheel ruts of the highway, and that the wheels were following in these ruts.

The defendant offered evidence to prove and claimed it had proved the following facts: that the plaintiff did not use due care in selecting a driver to drive his horses on the occasion in question; that the driver was incompetent and unsafe; that the accident occurred because of a lack of care on the part of the driver in not keeping the wheels of the machine in the traveled part of the road, and in negligently and carelessly

traveling near the western edge of the retaining wall; that just before the horses attached to the machine got near to the place of the accident, an automobile approaching from the south appeared about one hundred and fifty feet away and stopped; that, after drawing out to the extreme right-hand side of the road, the driver of the plaintiff's machine guided the horses westerly so that the off or right-hand wheels of this well-drilling machine rested on the middle of the retaining wall; that at this time the wheels of this machine were running lengthwise on and in the middle of this retaining wall, and that the wall collapsed because of the fact that the wheels were out of the traveled path of the highway and were traveling on the middle line of this retaining wall; that this wall collapsed and gave way, and the accident happened, because of the fact that the wheels of the machine were driven on this wall; that the weight of the machine was so great that the law imposed no duty on the town to provide a road calculated to permit its safe passage; that the plaintiff took the risk of attempting to transport this machine over and through this highway; that this highway was a road which ran through a sparsely settled community, in which there were but five houses for a space of five miles; that when the wall collapsed only a few inches of the highway collapsed with the wall; that the roadbed itself, up to within a few inches of the edge of the wall, remained intact, including the wheel track of the road, which was about two feet from the edge of the wall; that no part of the road, other than a few inches, gave way; that the town had no notice of any kind that the wall or this road was defective at this point; that the road at this point was perfectly safe for vehicles of as great weight as that of the machine in question, provided that the wheels of the machine remained in the wheel tracks or in the traveled path of the road, and

did not run on the retaining wall itself; that the well-digging machine weighed six tons, was about eighteen feet long, with a derrick thirty-one feet long on top of the machine, which derrick extended thirteen feet beyond the rear of the machine; that the highway at the place of the accident was in good condition, well adapted to, and safe for, the ordinary travel which ought to have been or could have been anticipated, and was about seventeen feet in width from the inner edge of the wall to the eastern side of the road; that the plaintiff had notice that there was danger in attempting to transport such a machine over this highway at the place in question.

The errors assigned relate to the refusal to charge as requested, and to the charge as given.

*Charles Phelps* and *William A. King*, for the appellant (defendant).

*Samuel B. Harvey*, for the appellee (plaintiff).

RORABACK, J. The plaintiff's right of recovery was, in pleading and proof, based upon the theory and claim that this highway was defective and unsafe to transport, with reasonable safety, the plaintiff's property as it was being transported along this highway upon the day in question. This, the plaintiff claimed, was a question of fact for the jury. Upon the other hand, the defendant contended that, as a matter of law, the town was not obliged to maintain a retaining wall in such shape that it could not be crushed down when it was subjected to the enormous strain caused by such a machine as the one in question, and that such a use of the retaining wall could not be foreseen by any town, and could not be contemplated as reasonable, and that the town was not legally bound to guard against it.

This proposition was presented to the court below by the defendant in its requests to charge, and in the argument of the case before this court.

The court below entertained a different view upon this branch of the case. It charged the jury fully and at length as to the burden imposed upon towns in the maintenance of their highways. In this connection the jury were informed, in part, that "the inquiry in each case, as in this one, is, under all the circumstances surrounding the accident was this highway in a reasonably safe condition for public travel and traffic?"

The trial court was correct in its statement of this general proposition and justified in refusing to charge as requested upon this point. We have no statutory provision that a town shall not be liable for defects in the highway where the weight or bulk of the property transported over the highway exceeds certain tonnage or dimensions. There is nothing in the present case which changes the rule of law that towns shall exercise reasonable and ordinary care in the maintenance of their highways. *Masters* v. *Warren*, 27 Conn. 293, 300. There was a direct conflict in the testimony as to the weight of this machine, and as to the manner in which it was being driven over this highway. Under this conflicting evidence the court could not properly instruct the jury that the weight of this machine was so great that the law imposed no duty on the defendant town to provide a road reasonably calculated to provide for the safe passage of the plaintiff's property. The finding shows that the trial court fairly and exhaustively presented the claims of the parties as to the weight of the machine and its bearing upon the issues in the case. In concluding his remarks upon this subject the jury were properly informed that, "of course, if you should find upon all the evidence that there was such an excessive weight to this structure or such

peculiar features in its construction that made it dangerous to pass over a highway designed to furnish the traffic which this highway ought reasonably to be expected to serve, then of course the plaintiff would have taken the risk and hazard of attempting to transport this machine over such a highway having such a weight or such qualities or such characteristics. If, on the other hand, gentlemen, you find that this machine was not of such extraordinary weight as to make it dangerous to transport it over a highway of this description, designed and existing for the service of the communities which it served to connect as an avenue of communication, and if you find that it was not, in other words, of such unusual or extraordinary weight as would impose upon the plaintiff the risk of its safe transportation, why of course you then come to what I really believe, and what I think probably the counsel have emphasized, as the great controlling question in the case; was the plaintiff or his driver, and the others who were assisting in the transporting of the machine over the highway in question, in the exercise of due and reasonable and proper care?"

The reasons of appeal also impute error in the instruction of the court as to the degree of care which the plaintiff was bound to exercise in passing over this portion of the highway. To sustain its contention upon this point, the defendant has selected certain extracts from the charge, a part of which read as follows: "Now, there has been evidence, and I will not review it, offered by the defendant, tending to show the defendant's claim that he drove entirely out of the traveled tracks of this highway, and that the wheels of this vehicle passed on to that portion of the highway which was in fact the upper surface of the wall itself, with such dirt, as, of more or less amount, spread over it. I think the evidence all would tend to show that there was no gutter

on the right-hand side of the traveled track between the traveled track and the wall, in other words, the smooth or level surface of the road extended over and included the top of the wall; such would seem to be the evidence, the undisputed evidence, from both sides. Now, approaching that section of the road in that condition, knowing as he did know or should have known, that he was riding upon a vehicle of unusual construction and considerable weight, was he in the exercise of that due care and prudence which you would expect of a careful and prudent man in passing over the place in question? If he was simply passing over what you find, from all of the testimony, was obviously and should have been, a safe and proper part of the surface of the road to travel over, and the wall gave way and precipitated the machine down this bank, then it was the defect of the wall, and not any carelessness on the part of the driver of the machine unless indeed he was attempting to drive a machine heavier than he ought to have driven over that or any other similar highway."

There is nothing in the finding to show that the defendant controverted the plaintiff's claim that the highway at this point was supported in part by a stone retaing wall, the top of which was more or less covered with dirt and was substantially level with and formed a part of the roadbed at the place where the accident occurred, and that the distance from the western wheel rut to the railing was about five feet. In view of this, that portion of the charge which we have just noticed is not open to the criticism that the court, by these remarks, left the jury to conclude that the absence of a separating gutter permitted the plaintiff's driver to pass at will out on to the top of the supporting wall with a well-digging machine of an estimated weight of from three to six tons. Nor can it be said that these remarks, taken as a whole, misled the jury by giving them the

impression that these statements embraced facts actually proven. It is reasonable to infer that the jury must have understood these expressions to refer to the claims of the plaintiff upon this branch of the case. It is almost unnecessary to state that the law is well settled that a highway may become defective outside of the limits of the wheel tracks or traveled path. Applying this principle to the situation here presented, it is obvious that these remarks were not erroneous.

The defendant, in argument, contended that the court failed to instruct the jury that due care upon the part of the plaintiff's driver, under the extraordinary conditions attending the accident, might require him to use extraordinary care and such prudence as was commensurate with the condition involved at the time the plaintiff's property was injured. A sufficient answer to this claim is that it appears that no such question is raised by the defendant in its assignments of error.

For the same reason it can be stated that we have no occasion to consider the defendant's claim that the court erred in failing to instruct the jury "as to the object and purpose of a retaining wall, its relationship to the highway, or what it means by the expression 'highway.'" The finding shows that the jury were fully and fairly instructed as to the degree of care resting upon the plaintiff. It would have been incorrect for the court to have said to the jury, as requested by the defendant, that "if the jury find by a preponderance of the evidence that the driver of the machine pulled out of the road, at the place of the accident, so that the wheels were out of the traveled path and rested on the wall; and further so find that the wall was defective and gave way, but would not have given way had not the driver pulled out to the right so that the wheels got out of the traveled path and on the wall; and if they

further find that the wall would not have given way, and the accident would not have happened, had the driver not so pulled out to the right so that the wheel or wheels got out of the traveled path of the road and on the wall, then the verdict should be for the defendant." Such an instruction would have given the jury to understand that they were obliged to take the traveled path at this place as the westerly line of this highway, and that the town could not be made liable for a defect upon this highway at this place, if it appeared that the driver pulled out to the right so that the wheels got out of the traveled path and on the wall. Such a construction of the defendant's liability would have been too limited. "Travelers may be obliged, by reason of events naturally incident to travel, to pass from the wrought to the unwrought part of the highway; and a highway so constructed that such exceptional departure from the traveled track must involve unnecessary and serious danger may be defective within the meaning of the statute." *Seidel* v. *Woodbury,* 81 Conn. 65, 69, 70 Atl. 58.

There is no error.

In this opinion the other judges concurred.