## Charlotte Hay v. G. Albert Hill, Highway Commissioner, et al.

Brown, C. J., Jennings, Baldwin, Inclis and O'Sullivan, Js.

Argued October 4—decided November 14, 1950

*William J. Larkin* and *William J. Larkin, 2d,* for the appellant (named defendant).

*Francis B. Feeley,* with whom were *John A. Speziale* and, on the brief, *Stephen K. Elliott,* for the appellee (plaintiff).

JENNINGS, J.  The plaintiff brought suit against the state highway commissioner and the New York, New Haven and Hartford Railroad Company to recover damages for injuries received when she fell into a culvert on the state highway.  The trial resulted in a verdict in favor of the railroad.  The plaintiff did not appeal, and the causes of action against the railroad do not require consideration.  The plaintiff had a verdict against the commissioner, and he appealed from the denial of his motion to set it aside and from the judgment.

The jury reasonably could have found the following facts: At approximately 1:30 a. m. on November 13, 1948, the plaintiff was a passenger in a motor vehicle traveling northerly on an improved state trunk highway known as Thomaston Avenue and located in the unsettled portion of the city of Waterbury.  It was very dark and there were no street lights in operation in the vicinity.  The operator of the motor vehicle stopped at the plaintiff's request and she alighted for the purpose of voiding.  She walked ten or twelve feet in a southerly direction along the easterly side of the

highway. She then turned to her left and after taking about four steps fell into an open, unguarded ditch adjacent to a culvert. The culvert was about eight feet deep and ten feet wide and the head wall was about eight feet east of the eastern edge of the oiled shoulder. The excavation extended for some distance east of the head wall. It was within the bounds of the state highway and under the sole control of the defendant.

The concrete portion of the highway was twenty feet wide, with oiled shoulders of varying width on both sides. On the east side, at the point of accident, the shoulder was about five feet wide and sloped slightly downward from the level of the concrete. The grade then rose to the head wall of the culvert so that at that point the ground level was about one foot above the eastern edge of the shoulder. The head wall projected slightly above the ground level at that point and was ten feet long and about sixteen inches wide. There was a vertical drop from the eastern edge of the head wall to the bottom of the culvert. The surface of the ground between the shoulder and the culvert was rough and covered with shrubs and weeds. The culvert was not guarded, either at the head wall or along the sides of the ditch running east therefrom.

It is the custom of the defendant to place vertical posts at culverts less than ten feet from the edge of the shoulder. For example, there are several culverts in this vicinity, all but one of which are guarded by posts. When close to the highway, the posts are connected by cables so as to make a fence. It would have been standard and good practice to put three posts on the road side of the culvert in question.

The foregoing facts were substantially undisputed except that the defendant claimed that the distance between the edge of the shoulder and the culvert was

twelve feet. Since there was evidence to support the eight-foot figure, the jury could have accepted it.

The defendant contends in support of his motion to set aside the verdict that the statute imposes no liability for defects outside the traveled and wrought portions of the highway, that the plaintiff was not a traveler on the highway entitled to the protection of the statute, and that she was guilty of contributory negligence as a matter of law.

The terms of the sections of the General Statutes which provide for damages for injuries resulting from highway defects are too familiar to require quotation. A comparison of the language of § 2201, relating to the duty of the state, with §§ 2125 and 2126, relating to the duty of towns, shows that the respective duties are substantially identical with the exception of certain provisos included in § 2201. These will be discussed later. The respective liabilities are discussed in *Moleske* v. *MacDonald*, 109 Conn. 336, 146 A. 820, *Griffith* v. *Berlin*, 130 Conn. 84, 32 A. 2d 56, and *Hornyak* v. *Fairfield*, 135 Conn. 619, 67 A. 2d 562, relied on by the defendant. All of these cases are concerned with sidewalks. There were no sidewalks at the place in question.

An early case recognized that a defect outside of the traveled path might give rise to an action against a town under the statute. The accepted definition of such a defect reads as follows: "Any object in, upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result, would generally constitute a defect in the highway." *Hewison* v. *New Haven*, 34 Conn. 136, 142. So, as was said in *Udkin* v. *New Haven*, 80 Conn. 291, 297, 68 A. 253: "It has been frequently contended that nothing which was

without the highway could have that effect [constitute a defect under the statute]. This court has, however, held that there might be situations where the source of danger, although situated without the way, was of itself so direct a menace to travel over the way and so susceptible to protection or remedial measures which could be reasonably applied within the way, that the failure to employ such measures would be regarded as a lack of reasonable repair. *Beardsley* v. *Hartford,* 50 Conn. 529." See also *Dimock* v. *Suffield,* 30 Conn. 129, 132; *Seidel* v. *Woodbury,* 81 Conn. 65, 69, 70 A. 58; *Smith* v. *Milford,* 89 Conn. 24, 31, 92 A. 675; *Parker* v. *Hartford,* 122 Conn. 500, 502, 190 A. 866.

The defendant cites no case in support of his basic proposition. As stated above, there is no substantial difference in the duties imposed by the statutes on the state and on the towns. The cases, as far as they have gone, support this view. *Perrotti* v. *Bennett,* 94 Conn. 533, 542, 109 A. 890; *Horton* v. *MacDonald,* 105 Conn. 356, 360, 135 A. 442; *Albright* v. *MacDonald,* 121 Conn. 88, 94, 183 A. 389; *Rusch* v. *Cox,* 130 Conn. 26, 33, 31 A. 2d 457.

The claim of the defendant that the road was not "raised above the adjoining ground so as to be unsafe for travel" (§ 2201) because the general slope of the ground east of the shoulder was upward is without merit. There was a drop of at least eight feet for the ten-foot length of the head wall. The plaintiff relied on both the lack of a fence and the generally defective condition. The jury viewed the premises and reasonably could conclude, especially in view of the actual practice of the defendant, that he should have corrected the defect or protected it by a railing or both. It was a question of fact. *Albright* v. *MacDonald,* supra.

A person must be on the highway for some legitimate

purpose connected with travel thereon in order to obtain the protection of the statute. *Hewison v. New Haven,* supra. As in the case of a defect outside the traveled way, the question is one of degree and fact. Within reasonable limits it is for the jury. The rule should be liberally construed. *Blodgett v. Boston,* 90 Mass. 237, 240. To qualify, a plaintiff is not obliged to remain seated in a vehicle proceeding on the highway. Reasonable latitude is allowed to meet the exigencies of travel. *Ward v. North Haven,* 43 Conn. 148, 154; *Nolan v. Mansfield,* 91 Conn. 542, 551, 100 A. 438; *Duffy v. Dubuque,* 63 Iowa 171, 174, 18 N. W. 900; *Britton v. Cummington,* 107 Mass. 347, 349; *Tannian v. Amesbury,* 219 Mass. 310, 313, 106 N. E. 996. The jury reasonably could conclude that the plaintiff had not forfeited her rights under this doctrine.

The defendant claims that the plaintiff was guilty of contributory negligence as a matter of law. The plaintiff had to use due care. Under the circumstances, this was great care. In *Corcoran v. New Haven,* 108 Conn. 63, 67, 142 A. 569, the plaintiff, like the plaintiff in the case at bar, had the burden of proving her freedom from contributory negligence. She was injured because of a defect in a part of the highway not ordinarily used for travel. Error was found in the charge but it was held (p. 68) that the question of the plaintiff's contributory negligence was one of fact under proper instructions. See also *Smith v. Milford,* 89 Conn. 24, 28, 92 A. 675. The plaintiff had no reason to anticipate that a wholly unguarded excavation of this size existed so near the traveled way. The mere fact that she would not have fallen if she had not taken the last step does not necessarily constitute a contributing cause barring recovery. *Cote v. Hartford,* 128 Conn. 483, 487, 23 A. 2d 868. The jury reasonably could have found for the plaintiff on this

point also. There was no error in the refusal to set aside the verdict.

The defendant took numerous exceptions to the excellent charge. He admits in his brief that if his basic claims, that the defendant is not liable for defects outside of the traveled way and that the plaintiff was guilty of contributory negligence as a matter of law, are invalid his only grounds of appeal are the court's failure to charge the last sentence of § 2201 and its neglect to define "incidents" in the use of highways. The last sentence of § 2201 does not appear in § 2126, the statute relating to towns. It reads as follows: "The highway commissioner and the state shall not be liable in damages for injury to person or property when such injury shall have occurred on any highway or part thereof abandoned by the state, on any unimproved trunk line or state aid road or on any portion of a highway not an improved trunk line or state aid road but connecting with or crossing an improved trunk line or state aid road, which portion is not within the traveled portion of such trunk line or state aid road." As stated above, the facts were substantially undisputed and they are recited in the finding as facts claimed to have been proved. It is not necessary to repeat them here. The charge is tested by the finding. *Soderstrom* v. *Country Homes of Norwalk, Inc.,* 132 Conn. 381, 384, 44 A. 2d 698.

The apparent claim of the defendant is that the area where this accident happened was not within the land taken over by the state as part of the state highway and that the jury should have been told that if they found the facts as he claimed them to be he was relieved of liability by the provisions quoted from § 2201. The only clause which could possibly bear on this claim is: "The highway commissioner . . . shall not be liable . . . for injury . . . when such injury shall have oc-

curred . . . on any unimproved trunk line or state aid road." This obviously refers to a trunk-line or state-aid road system established by the General Assembly but not actually improved by the commissioner. It has no bearing on the case at bar even under the facts claimed by the defendant to have been proved.

The defendant requested a charge that the plaintiff could recover only if she was a traveler on the highway. He also objected to the charge on this point. The charge went into considerable detail in describing the rights and duties of the plaintiff in this regard and was a sufficient guide to the jury.

There is no error.

In this opinion the other judges concurred.