PEARL FAIRCLOTH ET AL. *v.* WILLIAM J. COX,
HIGHWAY COMMISSIONER

SUPERIOR COURT     HARTFORD COUNTY     FILE NO. 75437

Memorandum filed July 12, 1954.

*Arthur W. Feinstein* and *Cole & Cole,* both of Hartford, for the Plaintiffs.

*Warren Maxwell* and *William L. Beers,* Attorney General, and *Jack Rubin,* Assistant Attorney General, all of Hartford, for the Defendant.

*Thomas C. Flood,* of Middletown, for Town of Haddam.

SHANNON, J. The defendant state highway commissioner demurs to counts 1 and 2 of the complaint because "Ice and snow upon the shoulder of a highway within the control and supervision of the State Highway Commissioner do not constitute the road a defective road within the purview of Section 2201, General Statutes 1949, so far as concerns injuries caused thereby to a pedestrian traveler." There have been many decisions by the Supreme Court interpreting this statute and its predecessors with reference to the duty imposed upon the commissioner and its limitations. It has been definitely decided that he is not liable for injuries occurring upon sidewalks even where built within the limits of the state highway and that this responsibility rests upon the town in which it lies. *Moleske* v. *MacDonald,* 109 Conn. 336; *Hornyak* v. *Fairfield,* 135 Conn. 619; *Schoenfeld* v. *Meriden,* 136 Conn. 346.

In *Hay* v. *Hill,* 137 Conn. 285, the commissioner was held liable to a pedestrian who had left the car in which she was riding to answer a call of nature and actually fell in a culvert beyond the shoulder of the highway. But the court held that this was incidental to the use of the highway for vehicular traffic and there was no sidewalk involved.

The question raised is, does the statute cover pedestrian travel as well as vehicular traffic? This is a matter of first impression in this state. In *Hay* v. *Hill,* supra, the court below, *Shea, J.,* charged the jury in part that "The primary or usual or ordinary

use which the public has the right to make of the highway is for passage or, as otherwise expressed, for travel and transportation, with all the powers and privileges incidental to that right. The roads of the State belong to the people, and the public, and the right to make the customary and reasonable use thereof is in the public. This right is common to all. Pedestrians have the same right as drivers of vehicles, to be exercised with due regard to the rights of other persons. The traveled way must be maintained in a reasonably safe condition, as [must] other portions of the highway, for such use as should be reasonably anticipated." A-277 Rec. & Briefs, p. 333, § 74. Exception was taken to this. The Supreme Court said: "The defendant requested a charge that plaintiff could recover only if she was a traveler on the highway. He also objected to the charge on this point. The charge went into considerable detail in describing the rights and duties of the plaintiff in this regard and was a sufficient guide to the jury." *Hay* v. *Hill,* supra, 292.

Section 2201 of the General Statutes says, "Any person injured in person or property through the neglect . . . of the state or any of its employees by means of any defective road or bridge which it is the duty of the highway commissioner to keep in repair . . . may bring a civil action. . . ." This covers pedestrian travel as well as vehicular. No distinction is made between defects caused by snow and ice and other defects as is made in §§ 2125 and 2126, relating to the duties of towns with reference to maintaining and repairing highways.

The demurrer is overruled.