Robin A. Heller et al. *v.* Edward Brown et al.

Court of Common Pleas     New Haven County     File No. 85540

Memorandum filed December 17, 1971

*Gitlitz, Ronai & Berchem,* of New Haven, for the plaintiffs.

*Bailey & Wechsler,* of Hartford, for the defendant commissioner of transportation.

*William J. Cousins,* of New Haven, for the defendant town of Woodbridge.

*Gerald H. Cooper,* of New Haven, for the defendant Brown.

*Vincent E. Dooley,* of New Haven, for the defendant Johnson.

O'Brien, J.   The defendant commissioner of transportation has filed a motion for summary judgment on the question of his liability on the fifth and sixth counts of the plaintiff's complaint.

The plaintiff's complaint arises out of an automobile accident which took place on June 1, 1970, at the intersection of Bear Hill Road and Seymour Road in the town of Woodbridge.  The first two counts allege negligence upon the part of the operator of the other car involved in the accident.  The third and fourth counts, directed against the town of Woodbridge, set forth a cause of action presumably based on the defective highway statute.  General

Statutes § 13a-149. The fifth and sixth counts, directed against the defendant commissioner, seek damages for injuries sustained in that accident. Two notices sent to the commissioner allege liability by virtue of his failure "to cut, remove or prune trees, shrubs and vegetation located approximately 30' south of the intersection of Bear Hill Road and Seymour Road, which said trees, shrubs and vegetation were located on the property of a Mrs. Johnson. Your failure to cut, remove or prune this vegetation, which was situated wholly or partly within the limits of the State Highway constituted a condition . . . which . . . obstructed or hindered . . . the use of the road . . . ."

Liability was predicated on the violation of § 13a-140 of the General Statutes. This section reads in part as follows: "The commissioner may cut, remove or prune any tree, shrub or other vegetation situated wholly or partially within the limits of any state highway so far as is reasonably necessary for safe and convenient travel thereon."

The second notice was served upon the defendant commissioner under the defective highway statute. General Statutes § 13a-144.

The plaintiff's complaint alleges the obstruction of a stop sign on Bear Hill Road by the aforementioned bushes on the Johnson property, and the failure to post an additional notice of the presence of the stop sign ("stop ahead"), to be the basis for the claim of a defect in the highway.

The defendant commissioner has submitted an affidavit of George A. Firth, a highway survey party chief of the department of transportation of the state of Connecticut, bureau of highways, which in essence states that route 67, Seymour Road, is a state highway and maintained by the state and that Bear Hill Road is not a state highway and is not

maintained by the state highway department. It also states that the stop sign involved, the bushes, and the trees are not within the limits of the state highway as outlined on a map of the intersection submitted with the affidavit.

A counter affidavit by the chief of police of the town of Woodbridge states that the stop sign in question "was erected by and under the authority of the State of Connecticut."

Sec. 13a-144 of the General Statutes provides that "[t]he commissioner and the state shall not be liable in damages for injury to person or property when such injury occurred . . . on any portion of a highway not a state highway but connecting with or crossing a state highway, which portion is not within the traveled portion of such state highway."

The injury in the instant case presumably occurred within the intersection but because of a defect outside the limits of the highway (the obstructed stop sign north of the highway). The statutory liability of the commissioner exists only in the case of a traveler on a highway or sidewalk "which it is the duty of the commissioner . . . to keep in repair." § 13a-144; *Tuckel* v. *Argraves,* 148 Conn. 355, 358.

Liability has been predicated for defects outside the traveled portion of the highway but within the highway bounds. *Hay* v. *Hill,* 137 Conn. 285. The court, however, is of the opinion that an alleged defect outside the highway limits cannot support statutory liability of the commissioner for an injury occurring within the highway limits where the duty to keep in repair is lacking.

The motion of the defendant commissioner must be and therefore is granted. Judgment may therefore enter for the defendant commissioner on the fifth and sixth counts.