The plaintiff claims to have been aggrieved by the Trial Court's rulings on two Requests for Rulings of Law, numbers 15 and 16. The net result of the Court's rulings was to deny the plaintiffs claim that she was within the class of people protected by the statute, M.G.L. C. 84, §§ 1 and 15. The Court found the following facts:
.. I find, based upon all the evidence and the reasonable inferences to be drawn therefrom, that the defendant had received valid notice of the incident; that the plaintiff fell on the sidewalk while roller skating; that the defendant was in control of the public way; that the sidewalk where the plaintiff fell was cracked; that the size, location and length of time the crack/frost heave was in existence constituted a defect and had been there an unreasonably long period of time and that the defendant in the *18 exercise of reasonable care and diligence would have had reasonable notice of the defect. The defendant in the exercise of due care could have prevented the accident by repairing and properly maintaining the subject area of the sidewalk and that the area in question was the proximate cause of the accident and that the plaintiff suffered a fractured left wrist as a result of the accident.
It is uncontroverted that at the time of the incident the plaintiff was roller skating for fun and recreation and did so every spring and fall.
In short, the Trial Court found that the defendant was liable in every way but that the plaintiff was not a “traveler” and, thus, not protected. (G.L. c. 84, s. 1).
Although as a result of the abolition of degrees of care to be given to invitees and licensees, the Common Law may have changed, Mounsey v. Bullard, 363 Mass. 693 (1973), the statutory definition of “traveler” has not changed. In fact, the requirement that the plaintiff prove that she was a “traveler” has become settled if not calcified over time by case law. Wershiba v. Lynn, 324 Mass. 327 (1949), Mackinnon v. Medford, 330 Mass, 70, 71 (1953).
Therefore, the rule of Blodgett v. City of Boston, 90 Mass. 237 (1864) continues; one who is playing on a public way (in this and that case, a sidewalk) is not a “traveler” and cannot recover under chapter 84. The Legislature has amended and rewritten Chapter 84, sections 1 and 15, numerous times but has not deleted or otherwise redefined “travelers.”
■ We are aware that the anomalous results described by the plainitfPs counsel in both the Blodgett case and this case will continue to occur and that the courts will have to continue to make hard distinctions. However, case law defining “travelers” has excluded children playing since 1864. If the Legislature wanted them included, it would have to do so. If “travelers” were a common law term, we would not be so constrained, but it is not.
Therefore the decision of the Trial Court is affirmed.