[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The plaintiff has brought an action for injuries and losses he sustained on July 9, 1988 when his bicycle went into a ditch along the south side of Watrous Road, a public highway in Bolton, and struck a culvert pipe. The plaintiff alleges that the ditch constituted a nuisance created by the defendant Town. The defendant has filed an answer denying the material allegations of the complaint and two special defenses: the first claiming that the action falls within Conn. Gen. Stat. Sec. 13a-149, the defective highway statute, and because notice of the claim was not given within ninety (90) days of the date of injury, it is barred; the second claiming contributory negligence. The defendant has now moved for summary judgment based upon its first special defense. CT Page 3385
Summary judgment is appropriate when the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Section 384 of the Connecticut Practice Book and Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11 (1983). The party moving for summary judgment bears the burden of proving the absence of a dispute as to any material fact. Nolan v. Borkowski, 206 Conn. 495, 500 (1988).
The function of the trial court in summary judgment proceedings is not to decide issues of material fact but rather to determine whether any such issues exist. Nolan,206 Conn. at 500; see also Telesco v. Telesco, 187 Conn. 715,718 (1982). In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. Catz v. Rubenstein, 201 Conn. 39, 49
(1986); see Strada v. Connecticut Newspapers, Inc. 193 Conn. 313,317 (1984).
The defendant argues that pursuant to ConnecticutPublic Acts No. 86-338, Sec. 13(a)(1)(c) (1986) [now Conn. Gen. Stat. Sec. 52-557n(a)(1)(C)] the only cause of action available to the plaintiff is under Conn. Gen. Stat. Sec.13a-149, the Defective Highway Statute. It further avers that because the plaintiff failed to meet the notice required by the statute, the action is barred.
The plaintiff argues that he does not claim that his injuries resulted from a defective road or bridge but rather that the ditch which his bicycle entered was a nuisance created by the defendant. The defendant further postulates that whether the subject ditch was a highway defect or a nuisance is a genuine issue as to a material fact.
Conn. Gen. Stat. See. 52-557n(a)(1) provides, in relevant part:
 Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by. . . (C) acts of the political subdivision which constitute the creation or participation in the creation of a nuisance; provided no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to Section 13a-149.
Conn. Gen. Stat. See. 13a-149 provides, in part: CT Page 3386
 Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. . . No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation.
roadway, nor would it hinder one travelling on the roadway itself" and "I do not claim that my injuries resulted from a defective road or highway."
"Whether a condition in a highway constitutes a defect must be determined in each case on its own particular circumstances." Chazen v. New Britain, 148 Conn. 349, 353
(1961); see, Linn v. Hartford, 135 Conn. 469, 472 (1949). "No standard can be set by [the] court which would serve as a touchstone." Linn, 135 Conn. at 472. "Generally, the question whether a highway is defective is one of fact, depending on a great variety of circumstances. . ." Chazen,148 Conn. at 353; see Hay, 137 Conn. at 289-90; see also Older v. Old Lyme, 124 Conn. 283, 284 (1938).
Whether the ditch in this case constituted a highway defect subject to a claim only under Conn. Gen. Stat. Sec.13a-149 is a genuine issue as to a material fact which is disputed by the parties and therefore cannot be resolved by means of a summary judgment motion.
Under the reasoning of two recent Connecticut Superior Court decisions, the plaintiff's nuisance claim would not be precluded even if the court found that the alleged nuisance fell within the definition of a highway defect. In Kronenfeld v. Norwalk, 1 CTLR 103 (April 11, 1990, Cioffi, J.), the defendant argued in a motion for summary judgment
A defect in a highway that would give rise to liability under Conn. Gen. Stat. Sec. 13a-149 has been generally defined as "[a]ny object in, upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result." Comba v. Ridgefield, 177 Conn. 268, 270 (1979), quoting Hewison v. New Haven, 34 Conn. 136, 142 (1867); see CT Page 3387 also Hay v. Hill, 137 Conn. 285, 288 (1950). The defect need not be part of the roadbed itself. Comba, 177 Conn. at 270.
The defendant claims that "[p]recedent clearly indicates that injuries involving a ditch along a highway are properly brought under the highway defect statute. According to Tort Reform I, injuries so qualifying find their sole cause of action under this statute. Plaintiff has not so fashioned his cause of action in this instance and as a result is not entitled to recover." The defendants submitted the affidavit of Dan Rattazzi, the Bolton Public Works foreman, describing the location of the ditch.
In his affidavit the plaintiff states that his bicycle left the paved highway, traversed a narrow strip of grass and fell into a ditch paralleling the highway. He states that the ditch was not within the traveled portion of the that Conn. Gen. Stat. Sec. 52-557n prohibited the plaintiff from bringing both a defective highway action and a nuisance claim. Kronenfeld, 1 CTLR at 104. The court determined that the distinction between positive acts which create a nuisance and a defective condition in a highway not created by positive acts is preserved in Conn. Gen. Stat. Sec. 52-557n. Id. The Court held that Conn. Gen. Stat. Sec. 52-557n does not preclude a nuisance action against a municipality where a plaintiff alleges affirmative acts by the municipality. Id.
In Stevens v. New Haven, 1 CTLR 483 (June 19, 1990, Koletsky, J.) the court examined the legislative history of Section 52-557n as well as the exclusive remedy language of the products liability statute, Conn. Gen. Stat. Sec.52-557n(a) discussed in Daily v. New Britain Machine Co.,200 Conn. 562, 571 (1986) and declined to hold that Section 52-537n bars recovery of damages from a municipality under a common law claim of nuisance caused by the positive acts of a municipality "when the plain language of the enactment indicates to the contrary." Stevens, 1 CTLR at 486. The court held that the plaintiffs may bring a nuisance action contemporaneously with an action under the defective highway statutes so long as they allege positive acts by the municipality which created a nuisance.
In the instant case paragraph three of the plaintiff's Amended Complaint alleges that "[t]he defendant, Town of Bolton, created or participated in the creation of the aforesaid ditch." While this allegation lacks specificity, the verbs "created" and "participated" denote positive action by the defendant. The plaintiff has stated a cause of action for nuisance which is not precluded by the provisions of Conn. Gen. Stat. Sec. 52-557n(a)(1)(C). Even if there was no genuine issue of material fact as to whether the ditch in this case constitutes a highway defect under Section 13a-149, the plaintiff would still have a viable nuisance claim if he proves that the defendant, by positive acts, created the nuisance.
For the foregoing reasons, the defendant's Motion for Summary Judgment is denied.
SCHEINBLUM, J.
CT Page 3388