[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
On January 22, 1993, the plaintiff, Harold Meurisse, filed an amended complaint alleging in a single count that he sustained personal injuries at a rest-area alongside Interstate 84 as a result of the failure of the defendant, Emil Frankel, Commissioner of Transportation, to properly maintain that rest-area. The plaintiff allegedly sustained his personal injuries from a slip and fall on a wet floor at that rest-area on November 22, 1990. The plaintiff alleges that the defendant had a duty to maintain this rest-area and that the defendant breached his duty of care pursuant to General Statutes 13a-144. CT Page 135
On January 25, 1993, the defendant filed a motion to strike the plaintiff's complaint on the grounds of sovereign immunity and inadequate notice under General Statutes 13a-144. Pursuant to Practice Book 155, the motion was accompanied by a supporting memorandum of law. On February 2, 1993, the plaintiff filed an objection to the defendant's motion to strike, accompanied by a supporting memorandum of law.
The plaintiff's amended complaint, dated January 20, 1993, was filed on January 22, 1993. This amended complaint corrected the procedural inadequacy claimed by the defendant in his motion to strike. The defendant's motion to strike, dated January 19, 1993, was filed on January 25, 1993. On September 13, 1993, at short calendar, the defendant withdrew his argument regarding the adequacy of the notice under General Statutes 13a-144. The court considers the defendant's motion to strike the plaintiff's complaint as a motion to strike the plaintiff's amended complaint.
The function of a motion to strike is to test the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989). "The motion to strike, like the demurrer, admits all facts well pleaded." Id. The trial court must construe the "plaintiff's complaint in [a] manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank, 219 Conn. 465, 471, 594 A.2d 1 (1991). "The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them . . . and if the facts provable under the allegations would support . . . a cause of action, the demurrer [motion to strike] must fail." (Citations omitted; internal quotation marks omitted.) Ferryman v. Groton, supra. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170, 544 A.2d 1185 (1988). "If any facts provable under the express and implied allegations in the plaintiff's complaint support a cause of action . . . the complaint is not vulnerable to a motion to strike." (Citations omitted.) Bouchard v. People's Bank.
Connecticut General Statutes 13a-144 provides in pertinent part: CT Page 136
 Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective highway, bridge or sidewalk which it is the duty of the commissioner of transportation to keep in repair . . . may bring a civil action to recover damages sustained thereby against the commissioner in the superior court.
"That a sovereign state is immune from suit, unless it consents to be sued, is the settled law of Connecticut." (Citations omitted.) Lacasse v. Burns, 214 Conn. 464, 468,572 A.2d 357 (1990). Accordingly, "where the state has `permitted itself to be sued in certain circumstances, this court has recognized the well established principle that statutes in derogation of sovereign immunity should be strictly construed.'" Id., quoting White v. Burns, 213 Conn. 307, 312,567 A.2d 1195 (1990).
"[T]here was no liability of the sovereign at common law for a defective highway in negligence or on any other common law theory." (Citations omitted.) White v. Burns, supra, 321. "The legislature waived the state's sovereign immunity from suit in certain prescribed instances by the enactment of13a-144." (Citations omitted.) Baker v. Ives, 162 Conn. 295,298, 294 A.2d 290 (1972); see Agranov v. Town of Guilford,8 Conn. L. Rptr. 386, 389 (February 22, 1993, Stanley, J.) ("Section 13a-144 is a plaintiff's exclusive remedy against the state."). "In interpreting General Statutes 13a-144, the Connecticut Supreme Court has `looked to and applied the rationale in cases involving statutory actions against municipalities under . . . General Statutes 13a-149 since there is no material difference in the obligation imposed on the state by 13a-144 and that imposed on municipalities by13a-149.'" Lockwood, Kessler Bartlett, Inc. v. Burns,7 Conn. L. Rptr. 224, 225 (August 12, 1992, Hennessey, J.), quoting Donnelly v. Ives, 150 Conn. 163, 167, 268 A.2d 406
(1970).
The defendant contends that a wet slippery floor at a rest-area along a highway cannot constitute a "defective highway." "[A] highway defect is `[a]ny object in, upon, or near the traveled path, which would necessarily obstruct or CT Page 137 hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result . . . .'" (Citations omitted.) Sanzone v. Board of Police Commissioners, 219 Conn. 179, 202,592 A.2d 912 (1991). "Whether there is a defect in such proximity to the highway so as to be considered `in, upon, or near the traveled path' of the highway must be determined on a case-by-case basis after a proper analysis of its own particular circumstances, and is generally a fact for the jury. . . ." (Citations omitted.) Baker v. Ives, supra, 300. "`[I]f there is a defective condition that is not in the roadway, it must be so direct a menace to travel over the way and so susceptible to protection and remedial measures which could be reasonably applied within the way that the failure to employ such measures would be regarded as a lack of reasonable repair.'" Sanzone v. Board of Police Commissioners, supra, quoting Comba v. Ridgefield, 177 Conn. 268 271 413 A.2d 859
(1979).
"Neither 13a-144 nor its predecessors limit the scope of what may be considered a `defective' highway, bridge, or sidewalk." Baker v. Ives, supra, 303. "`To qualify, a plaintiff is not obliged to remain seated in a vehicle proceeding on the highway. . . . Reasonable latitude is allowed to meet the exigencies of travel.'" Id., 299, quoting Hay v. Hill, 137 Conn. 285, 289, 76 A.2d 924 (1950).
Moreover, "[a] highway defect does not `have to be on the actual traveled portion of the highway.'" Farrell v. Frankel,8 Conn. L. Rptr. 293, 294-95 (February 2, 1993, Hennessey, J.), quoting Baker v. Ives, supra, 299. The important consideration is whether "the defective condition was in an area which an occupant of an automobile was likely, and in fact encouraged, to use. . . ." Baker v. Ives, supra, 301-02.
"`Whether a condition in a highway constitutes a defect must be determined in each case on its own particular circumstances. Generally, the question whether a highway is defective is one of fact, depending on a great variety of circumstances. . .'" Farrell v. Frankel, supra, 295, quoting Chazen v. New Britain, 148 Conn. 349, 353, 170 A.2d 891
(1961). Whether a wet, slippery floor in a rest-area along a state highway may constitute a highway defect under General Statutes 13a-144 is a factual issue not properly decided on a motion to strike. Accordingly, the defendant's motion to strike the plaintiff's amended complaint is denied. CT Page 138
Pro se plaintiff.
Michael E. Riley for defendant.